EARL OGLESBY v. DAVID A. ADAMS, COMMISSIONER OF COMMERCIAL AND SPORTS FISHERIES OF THE STATE OF NORTH CAROLINA; DAN E. STEWART, DIRECTOR OF THE DEPARTMENT OF CONSERVATION & DEVELOPMENT OF THE STATE OF NORTH CAROLINA; AND THOMAS WADE BRUTON, ATTORNEY GENERAL OF THE STATE OF NORTH CAROLINA.

(Filed 12 October, 1966.)

**Constitutional Law §§ 23, 25—**

While there is no vested right in the provisions of a statute, where a person has leased the bottom of waters from the State for oyster beds pursuant to G.S. 113-176 *et seq.,* the lease constitutes a contract between the lessee and the State, and the State may not by subsequent statute abrogate the terms of the contract, either as to duration and renewals or the amount of rent.

APPEAL by defendants from *Parker, J.,* at June 1966 Civil Session of CARTERET Superior Court.

In 1933 the Legislature enacted several statutes which authorized the leasing of oyster beds by the Board of Conservation & Development to citizens of the State. Those pertaining to this action were G.S. 113-176, 181, 182, 183 and 184. They provided in substance that the Board should have power to lease to any citizen of the State "any bottom of the waters of the State not a natural oyster bed" for 20 years, the rental to be at the rate of 50 cents per acre per year for the first 10 years, and one dollar per acre per year for the next 10 years of the lease, payable annually. The leases were to be heritable and transferable and were to be for a period of 20 years. At the expiration of the first lease the lessee was entitled to successive leases on the same terms as applied to the last 10 years of the first lease, for a period not exceeding 10 years.

On 20 January, 1953, the plaintiff Earl Oglesby leased a 10-acre section of the bottom of Newport River, Carteret County, for a 20-year period, with the right of renewal referred to in the statute. The plaintiff complied with his responsibilities under the lease, paying the lease price each year and cultivating the river bottom in appropriate manner. Prior to April 1st, 1965, he offered the sum of $10 as rental for the succeeding year. This was declined by the

State under the authority of legislation enacted by the 1965 General Assembly which amended part of the statutes referred to above and added other provisions, among which was one that anyone who deemed himself damaged may apply to the Industrial Commission for the award of such damages as he may prove. The 1965 act permitted a charge of five dollars per acre per year for the lands in question, and the Board required payment of that amount, or a total of $50 instead of the $10 tendered. Plaintiff refused to pay the larger amount and brought this action to obtain a declaratory judgment to the effect that the 1965 act was unconstitutional in that it impaired his contractual rights and also sought an injunction to prevent the Board from cancelling his lease.

The Superior Court upheld his position, declared the act unconstitutional as it relates to the plaintiff, and required the Board to "comply and abide by said lease to the same extent as if the 1965 legislation had not been enacted."

The defendants appealed, assigning errors.

*Wheatly & Bennett for plaintiff appellee.*

*Attorney General T. W. Bruton, Assistant Attorney General Millard R. Rich, Jr., for defendants appellants.*

PLESS, J. "Contracts to which a State is a party are within the constitutional prohibition against the impairment of the obligation of contracts. An act of a legislature may be an obligation of the State within the constitutional prohibition, and whatever rights are created by such act a subsequent legislature cannot impair. It is a well established principle that a contract to which a State, or a subdivision thereof, is a party is as much within the constitutional prohibition of statutes impairing the obligation of contracts as a contract between individuals, particularly with respect to contracts previously entered into by the State in its proprietary capacity." 16 C.J.S. 1301, Constitutional Law, Sec. 285.

Also it is said in 16 Am. Jur. 2d 791, Constitutional Law, Sec. 443: "The general principle is established in American jurisprudence that a legislative grant under which rights have vested amounts to a contract and that a subsequent statute attempting to impair or annul such grant is unconstitutional because it is a law impairing the obligation of contracts. Thus, if a State makes a grant absolute in terms and without any reservation of a right to alter, modify, or repeal it, this constitutes an executed contract, and the State is forbidden to pass laws impairing the obligation arising therefrom." And "it is a matter of established law that a legislative enactment in the ordinary form of a statute may contain provisions which,

when accepted as the basis of action by individuals or corporations, become contracts between them and the State within the protection of the clause of the Federal Constitution forbidding impairment of contract obligations; rights may accrue under a statute or even be conferred by it, of such character as to be regarded as contractual, and such rights cannot be defeated by subsequent legislation. When such a right has arisen, the repeal of the statute does not affect the right or an action for its enforcement." *Ibid* 790. ·

The case of *State v. Spencer,* 114 N.C. 770, 19 S.E. 93, is quite similar to the one under consideration. In that case Spencer entered an oyster bed in Hyde County and held a grant therefor under the authority of Chap. 119, Laws 1887. Six years later the Legislature made the same lands not subject to entry, and in the contest resulting from the two conflicting statutes, the Court said:

"When the State comes into its courts seeking their aid in annulling a contract it is governed in general by the same rules as a citizen. It has provided its own tribunal with full powers and a system by which its decisions may be reviewed. These laws are binding upon us. Aware as we are, of the importance of preserving these public grounds for the common benefit, we are not permitted to provide another way when the legislature has marked out the course to be pursued by those who have been injured by the action of commissioners.

"In the absence of any allegation of fraud or mistake in the complaint there was no cause of action stated. If grants have been issued under the provisions of and in strict accord with the law, rights of property have been acquired which the State itself cannot take away *except* after compensation and under the principle of eminent domain."

We are aware of the case of *Pinkham v. Mercer,* 227 N.C. 72, 40 S.E. 2d 690, in which it is said: "No person has a vested right in a continuance of the common law or statute law. It follows that, generally speaking, a right created solely by the statute may be taken away by its repeal or by new legislation." The distinction is that here the plaintiff is relying not upon a statute but upon a contract duly and legally executed by the State, and the State is not at liberty to violate the rights conferred upon the plaintiff by a solemn agreement.

The order of Judge Parker is
Affirmed.