GENIE K. BLACK, PLAINTIFF v. WESTERN CAROLINA UNIVERSITY, AND
JOHN F. McCREARY, IN HIS OFFICIAL CAPACITY AND INDIVIDUAL CAPACITY,
DEFENDANTS

No. 9128SC899

(Filed 2 March 1993)

Colleges and Universities § 12 (NCI4th)— nonreappointment of
assistant professor—fixed term contract—timeliness of notice

Where plaintiff was hired by defendant as an assistant
professor under a fixed-term appointment, she was not entitled
to notice of nonreappointment beyond the notice of the date
of the expiration of her term found in her original contract,
and provisions of the UNC Code and tenure policies and notice
requirements of the American Association of University Pro-
fessors were not expressly incorporated into plaintiff's con-
tracts and therefore were not controlling.

Am Jur 2d, Colleges and Universities § 11.

Construction and effect of tenure provisions of contract
or statute governing employment of college or university facul-
ty member. 66 ALR3d 1018.

Appeal by plaintiff from judgment entered 16 July 1991 by
Judge Robert D. Lewis in Buncombe County Superior Court. Heard
in the Court of Appeals 13 November 1992.

Western Carolina University (WCU) employed the plaintiff as
Director of Graduate Programs in Business with the rank of Assist-
ant Professor during the 1988-89 school year. The plaintiff was
also employed by WCU, with the rank of Assistant Professor, dur-
ing the 1989-90 school year. On 30 June 1990, the Dean of WCU
School of Business notified the plaintiff that WCU would not offer
her a contract for the 1990-91 school year.

On 30 October 1990 the plaintiff filed suit against the defend-
ants alleging that defendants breached their contract with her and

violated her 42 U.S.C. § 1983 civil rights by failing to give her timely notice that she would not be offered a contract for the 1991-92 school year. In her complaint, plaintiff alleged that she interviewed for a tenure track position with WCU. She claimed that she was informed that the only tenure track position available was one for a half-time administrative/half-time faculty member. Plaintiff also alleged that the combined duties of the position would have left her with little time for research and publishing, a major requirement for obtaining tenure. Accordingly, the Dean of the School of Business at WCU agreed to hire her under a "fixed term" contract at the rank of assistant professor so that her "anticipated lack of productivity during her initial employment would not become part of her record for subsequent evaluative purposes in terms of obtaining tenure at [WCU]."

The employment contract governing the plaintiff's first year of employment (8/15/88 — 5/15/89) provided in part:

4. This appointment is subject to the WCU Tenure Policies and Regulations as found in the Faculty Handbook, dated 1988-89 , including any future amendments thereto. You agree to observe and promote WCU's rules, regulations, and ideals.

* * *

7. This contract is the entire agreement between the University and the faculty member with respect to the subject matter hereof and supersedes any and all prior understandings and agreements, oral and written, relating hereto. Any amendment hereof must be made in writing and upon mutual agreement of the parties.

8. Type of Appointment

X X a. Fixed-term appointment for the employment period specified above.

_____ b. Probationary appointment for the employment period specified above; _____ year of maximum 7 year probationary period.

_____ c. Continuation of employment in this position during the employment period specified above and any possibility of reappointment is contingent upon continued availability of grant funds and/or such funds described

in Section III.F. of the WCU Tenure Policies and Regulations and Section 602(7) of The Code of the University of North Carolina.

<u>XX</u> d. Full-time appointment

* * *

_____ f. Appointment subject to cancellation if enrollment in course(s) is not sufficient.

_____ g. The provisions of Section 604C of the UNC Code and Section III.B.3. of the WCU Tenure Policies and Regulations apply to this appointment.

The employment contract governing plaintiff's second year of employment (8/14/89—5/6/90) contained essentially the same language as that found in the first contract quoted above except: (1) paragraph four of the contract was changed to adopt the 1989-90 version of the Faculty Handbook, and (2) subparagraph f. of paragraph eight was also marked with an "X."

Section III.B.3. of the WCU Tenure Policies and Regulations provides:

3. Fixed-Term Appointments

All appointments of visiting faculty, [ ] adjunct faculty, or other special categories of faculty such as instructors, lecturers, artists-in-residence, or writers-in-residence shall be for a specified term of service only, except as noted below in the case of some instructors. That term shall be set forth in writing when the appointment is made, and the specification of the length of the appointment shall be deemed to constitute full and timely notice of nonreappointment when the term expires. The provisions of Sections 604 A and 602 (4) of <u>The Code</u> of The University of North Carolina shall not apply to these appointments. However, full-time employees at the rank of instructor shall be given the notice of nonreappointment specified in Section III H if the conditions of appointment to the rank of instructor include a provision that the appointment is subject to renewal. Fixed-term appointments may be used for part-time or full-time teaching and/or administrative positions with or without compensation. Normally persons serving at the instructor

rank will not be reappointed for more than seven consecutive years.

Finally, Section III.H. of the WCU Tenure Policies and Regulations provides:

H. Timely Notice of Nonreappointment

1. The decision not to reappoint a full-time instructor whose appointment contract includes a provision that the appointment is subject to renewal or a probationary faculty member when his term of employment expires shall be made by the Chancellor or his designee early enough to permit timely notice to be given. This decision is final except as it may later be reviewed in accordance with Sections VI and VII. For full-time faculty at the rank of instructor whose contracts specify that the appointment is renewable, and assistant professor, associate professor, or professor, the minimum requirement for timely notice of nonreappointment shall be as follows:

* * *

b. During his second year of continuous service at Western Carolina University, the faculty member shall be given notice not less than 180 calendar days before his employment contract expires; and,

* * *

2. . . . If the decision is not to reappoint, then failure to give timely notice of nonreappointment will oblige the Chancellor to offer a terminal appointment for one academic year.

On 10 May 1991 the plaintiff made a motion for summary judgment. On 31 May 1991 the plaintiffs took a voluntary dismissal on the 42 U.S.C. § 1983 claim. On 16 July 1991 after conducting a full hearing, the trial court entered summary judgment in favor of the defendants and against the plaintiff.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Michelle Rippon, for the plaintiff-appellant.*

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Thomas J. Ziko, for the defendant-appellee.*

BLACK v. WESTERN CAROLINA UNIVERSITY

[109 N.C. App. 209 (1993)]

EAGLES, Judge.

Plaintiff contends that the trial court erred by entering summary judgment in favor of the defendants. We disagree.

> The trial court's judgment is correct "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that [defendant] is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971). "Summary judgment may not be granted if there is any genuine issue as to any material fact." *Gray v. American Express Co.*, 34 N.C. App. 714, 715, 239 S.E.2d 621, 623 (1977).

*Meadows v. Cigar Supply Co., Inc.*, 91 N.C. App. 404, 406, 371 S.E.2d 765, 766 (1988). "Where the terms [of a contract] are plain and explicit the court will determine the legal effect of a contract and enforce it as written by the parties." *Church v. Hancock*, 261 N.C. 764, 766, 136 S.E.2d 81, 83 (1964).

Plaintiff argues that because she was a full-time Assistant Professor in her second year of service, she was entitled to 180 days notice that she would not be reappointed to the WCU faculty. More specifically, she argues that "[t]he language of her employment contract together with provisions of the WCU Faculty Handbook and UNC Code which are incorporated into and form a part of her contract provide the basis for [her] position."

Initially, we disagree with plaintiff's assertion that the UNC Code was incorporated into her contract. "[T]he law of North Carolina is clear that unilaterally promulgated employment manuals or policies do not become part of the employment contract unless expressly included in it." *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 259, 335 S.E.2d 79, 83-84, *disc. review denied*, 315 N.C. 597, 341 S.E.2d 39 (1986) (citations omitted). Here, neither of the plaintiff's employment contracts expressly incorporated the provisions of the UNC Code. In fact, the only specific mention of the UNC Code found in her contracts is contained in paragraphs 8.c. and 8.g. However, neither the line adjacent to paragraph 8.c. nor the line adjacent to paragraph 8.g. was marked with an "X" to indicate that that provision became a part of the contract. Plaintiff also argues that the UNC Code was incorporated into her contract because the Foreword of the WCU Faculty Handbook states that

"[i]t is designed to supplement . . . *The Code of the University of North Carolina*[,]" which "contains the policies and operating procedures established by the Board of Governors of the University of North Carolina . . . ." We find this argument equally unpersuasive. The Handbook's Foreword does not say that the UNC Code is incorporated. Rather, it merely states that the Handbook is designed to be a supplement to policies and operating procedures found in the UNC Code. If the drafters of the Handbook had intended to incorporate the provisions of the UNC Code, they would have done so specifically. Accordingly, we hold that the UNC Code was not expressly incorporated into the contract, and, therefore, it is not a part of the contract.

Plaintiff also appears to argue that because paragraph 8.g. was not marked with an "X" that Section III.B.3. was not incorporated into her employment contracts. Her argument overlooks the specific provisions of paragraph 4. of both years' employment contracts. Paragraph 4. expressly incorporates all the provisions of the WCU Tenure Policies and Regulations. The question remaining for decision, then, is whether Section III.B.3. or Section H.1. of the WCU Tenure Policies and Regulations controls the length of notice of nonreappointment that the plaintiff was entitled to receive. We hold that Section III.B.3. controls here.

Both of plaintiff's employment contracts specifically provide that her appointment was a "[f]ixed-term appointment for the employment period specified" in the contract. Section III.B.3. of the WCU Tenure Policies and Regulations, quoted above, is entitled "Fixed-Term Appointments[.]" That section provides that visiting faculty, adjunct faculty and other special categories of faculty "*such as* instructors, lecturers, artists-in-residence, [and] writers-in-residence" (emphasis ours) must receive fixed-term appointments, and that "the specification of the length of the appointment shall be deemed to constitute full and timely notice of the nonreappointment when the term expires." However, the list of faculty qualifying for fixed-term appointments in Section III.B.3. does not purport to be all inclusive. The appellee's brief correctly states that "[n]othing in the WCU Tenure Policies prohibits the university from employing faculty who hold other ranks, such as Assistant Professor, under 'fixed-term appointments.' " Moreover, we note that although Section H.1. does provide specific notice requirements in case of nonreappointment, its application is limited. The first sentence of Section H.1. makes clear that its provisions only apply to (1) full-time in-

BLACK v. WESTERN CAROLINA UNIVERSITY

[109 N.C. App. 209 (1993)]

structors whose appointment contract includes a provision that the appointment is subject to renewal and (2) probationary faculty members. Here, the plaintiff was hired at the rank of Assistant Professor not Instructor. Furthermore, in the contract form paragraph 8. of the contract form dealing with "Type of Appointment," paragraph 8.a. was marked and paragraph 8.b. was not marked with an "X" indicating the appointment was "fixed-term" and was not a probationary appointment. Accordingly, we conclude the plaintiff was not hired under a probationary appointment.

Finally, the plaintiff argues that the tenure policies and notice requirements of the American Association of University Professors are consistent with her position that she was entitled to more timely notice. However, those policies and notice requirements were not expressly incorporated into the plaintiff's contracts. Accordingly, they were not a part of the contract and do not affect disposition of this case. *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 259, 335 S.E.2d 79, 83-84, *disc. review denied*, 315 N.C. 597, 341 S.E.2d 39 (1986).

In sum, we conclude that the plaintiff negotiated for and was hired under a fixed-term appointment. As such, she was not entitled to notice of nonreappointment beyond the notice of the date of the expiration of her term found in the original contract. Accordingly, the trial court's entry of summary judgment in favor of the appellees is affirmed.

Affirmed.

Judges ORR and JOHN concur.