MARK E. BOLICK, Plaintiff-Appellee v. COUNTY OF CALDWELL, Defendant-Appellant

No. COA06-693

(Filed 6 March 2007)

### 1. Appeal and Error— appealability—denial of summary judgment—interlocutory except for sovereign immunity

An appeal from the denial of summary judgment was interlocutory but properly before the Court of Appeals to the extent that it was based on an affirmative defense of sovereign immunity. The remainder of defendant's argument was dismissed because there was no showing that a substantial right would be affected absent an immediate review.

### 2. Immunity— sovereign—severance pay—contract claim

Defendant county was not entitled to summary judgment based on sovereign immunity on claims for severance pay due a terminated sheriff's deputy because the nature of the County Personnel Ordinance in question turned this into a contract action. State sovereign immunity has been abolished in the contractual context, and pleading a waiver of sovereign immunity is not here necessary.

### 3. Employer and Employee— wrongful termination—severance pay—distinguished

Wrongful termination claims and claims seeking compensation under a contract (such as the claim for severance pay by a deputy here) are distinguished.

### 4. Counties— personnel ordinance—deputy sheriff

A county personnel ordinance that referred to any county employee applied to a deputy sheriff who was routinely referred to as an employee.

Appeal by defendant from order entered 1 March 2006 by Judge W. Robert Bell in Caldwell County Superior Court. Heard in the Court of Appeals 5 February 2007.

*Potter Law Offices, P.A., by Steve B. Potter, for plaintiff appellee Mark E. Bolick.*

*Womble Carlyle Sandridge & Rice, by James R. Morgan, Jr., and Robert T. Numbers, II, for defendant-appellant Caldwell County.*

MARTIN, Chief Judge.

Plaintiff, a former employee of the Caldwell County Sheriff's Department, brought this action seeking to recover compensation for severance pay allegedly due by reason of his involuntary separation from employment. Defendant-appellant Caldwell County moved for summary judgment and appeals from an order denying its motion. We affirm.

Briefly summarized, the materials before the trial court at the hearing on defendant's summary judgment motion tended to show that plaintiff was first appointed a deputy sheriff in November 1992. He was subsequently reappointed after each election in 1994, 1998 and 2002. He was promoted to sergeant in 1999, and became a shift supervisor at the jail. At no time did he sign an employment contract with the sheriff. He was also aware that he served at the discretion of the elected sheriff, who had the power to terminate his employment.

In 2002, the incumbent sheriff, Roger Hutchings, was defeated in the election by Gary Clark. Sheriff Clark retained plaintiff, but stripped him of his rank. Captain George Marley was the jail administrator, and reported directly to the elected sheriff. Marley and plaintiff had been friends for several years.

Plaintiff was sworn in on 26 February 2003. He worked a regular jail shift on 27 February 2003. During that day, a verbal exchange occurred between plaintiff and his supervisor, Deborah Haas, during which Haas apparently considered plaintiff to have been insubordinate. Plaintiff also had a verbal exchange with Captain Marley, who informed plaintiff that he would be transferred to the night shift. On 3 March 2003, Marley terminated plaintiff's employment. Though plaintiff was subsequently offered the opportunity to return to work, he declined since he had secured another position in law enforcement in Watauga County.

Plaintiff sought severance pay under the provisions of Article VII, Section 10 of the Caldwell County Personnel Policy, which states in relevant part:

No Caldwell County employee shall be terminated except for cause, as "cause" is defined in Article VII, Section 5, of the Caldwell County Personnel Ordinance. Provided, however, that the County Manager and the Clerk to the Board of Commissioners, who serve at the pleasure of the Board of County Commissioners, and the employees of the Sheriff and Register of Deeds,

who serve at the pleasure of those elected officials, may be terminated without cause. In the event that any Caldwell County employee, including the County Manager, the Clerk of the Board of Commissioners and employees of the Sheriff and the Register of Deeds, is determined to have been terminated without cause, such terminated employee shall be paid 6 months of his/her annual salary as severance pay.

This policy was in effect as a county ordinance.

### Interlocutory Appeal

[1] The order denying defendants' motion for summary judgment is interlocutory. As a general rule, such orders are not immediately appealable unless a substantial right of one of the parties would be affected if the appeal is delayed until a final judgment. *Equitable Leasing Corp. v. Myers*, 46 N.C. App. 162, 164, 265 S.E.2d 240, 244 (1980). However, this Court has repeatedly held that appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review. *See, e.g., Derwort v. Polk County*, 129 N.C. App. 789, 792, 501 S.E.2d 379, 381 (1998), *Hedrick v. Rains*, 121 N.C. App. 466, 466 S.E.2d 281, *aff'd*, 344 N.C. 729, 477 S.E.2d 171 (1996). "We allow interlocutory appeals in these situations because 'the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action.'" *Epps v. Duke University, Inc.*, 122 N.C. App. 198, 201, 468 S.E.2d 846, 849 (1996). Therefore, to the extent defendant's appeal is based on an affirmative defense of immunity, this appeal is properly before us. *Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785-86 (1999). However, as to the remainder of defendants' contentions with respect to the denial of summary judgment, defendants have not demonstrated that any substantial right would be affected absent immediate review and, therefore, we dismiss their arguments as interlocutory as there is generally no right of appeal from an order denying summary judgment. *Hill v. Smith*, 38 N.C. App. 625, 626, 248 S.E.2d 455, 456 (1978).

### Standard of Review

"[T]he standard of review on appeal from summary judgment is whether there is any genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law." *Bruce-Terminix Co. v. Zurich Ins. Co.*, 130 N.C. App. 729, 733, 504 S.E.2d 574, 577 (1998). The burden is upon the moving party to show that no

genuine issue of material fact exists and that it is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (2006); *Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982).

We review a trial court's order for summary judgment *de novo* to determine whether there is a "genuine issue of material fact" and whether either party is "entitled to judgment as a matter of law." *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003).

## Analysis

[2] Defendant first argues that it is entitled to summary judgment on the grounds of sovereign immunity because plaintiff's complaint fails to allege that Caldwell County waived its governmental immunity. The State and its constituting counties have traditionally enjoyed complete immunity from being sued in court. *Smith v. State*, 289 N.C. 303, 309-10, 222 S.E.2d 412, 417 (1976). However, this immunity is not unrestricted. Our Supreme Court has noted that our jurisprudence has long reflected "a respect for the sanctity of private and public obligations." *Bailey v. State*, 348 N.C. 130, 142, 500 S.E.2d 54, 61 (1998). Indeed, scholars have credited our Supreme Court with being the first state or federal tribunal to interpret the phrase "due process" as a protection of private rights against the lawmaking power of the legislature. *Id.*

In the contractual context, our Supreme Court has specifically abolished state sovereign immunity. *Smith*, 289 N.C. at 320-21, 222 S.E.2d at 424. Plaintiff argues that his claim against defendant is of a contractual nature. If correct, the abrogation of sovereign immunity for contractual disputes would mean that the plaintiff is under no requirement to plead a waiver of sovereign immunity. Indeed, defendant could not waive an immunity that it did not possess. This Court has specifically held that the complaint of a plaintiff who alleged the existence and breach of a contract could not be dismissed on the basis of its failure to explicitly plead a waiver of sovereign immunity. *Toomer v. Garrett*, 155 N.C. App. 463, 482 574 S.E.2d 76, 92 (2002).

While it is true that a *quantum-meruit* contract is not sufficient to support a waiver of sovereign immunity, *Paul L. Whitfield, P.A. v. Gilchrist*, 348 N.C. 39, 42, 497 S.E.2d 412, 414 (1998), this is not such a case. We have previously held that analogous claims for benefits are contractual. *Simpson v. Government Emp. Retire. Sys.*, 88 N.C. App. 218, 223, 363 S.E.2d 90, 93 (1987) ("[W]e . . . hold that the relationship between plaintiffs and the Retirement System is one of contract."). In

determining whether the plaintiff's claim is of a contractual nature, the most apposite case is *Pritchard v. Elizabeth City*, 81 N.C. App. 543, 344 S.E.2d 821, *disc. rev. denied*, 318 N.C. 417, 349 S.E.2d 598 (1986). Our Supreme Court subsequently cited *Pritchard* with approval, noting that there, "the Court of Appeals held that oral representations to municipal employees by city officials regarding accrual of benefits, upon which the employees relied, constituted a contractual agreement to which the city was bound." *Bailey*, 348 N.C. at 144, 500 S.E.2d at 62.

Applying this law to the case before us, the record shows that Section 10 of the Caldwell County Personnel Ordinance, as in effect at the time of plaintiff's employment, provided that any Caldwell County Employee dismissed without cause would be entitled to severance pay. If oral representation regarding accrual of benefits could constitute a contractual agreement, a county ordinance would present a much stronger argument. Indeed, our Supreme Court has spoken specifically to this, noting:

> [I]t is a matter of established law that a legislative enactment in the ordinary form of a statute may contain provisions which, when accepted as the basis of action by individuals or corporations, become contracts between them and the State within the protection of the clause of the Federal Constitution forbidding impairment of contract obligations; rights may accrue under a statute or even be conferred by it, of such character as to be regarded as contractual, and such rights cannot be defeated by subsequent legislation.

*Ogelsby v. Adams*, 268 N.C. 272, 273-74, 150 S.E.2d 383, 385 (1966). We believe the nature of the ordinance at issue here turns this action into one based on contract, and pleading a waiver of sovereign immunity is not necessary. "When the state comes into its courts seeking their aid in annulling a contract, it is governed, in general, by the same rules as the citizen." *Blount v. Spencer*, 114 N.C. 770, 772, 19 S.E. 93, 96 (1894). Thus, plaintiff's action is not barred by sovereign immunity.

**[3]** Defendant next argues that the Caldwell County Ordinance could confer no benefits upon plaintiff because the policy was not expressly included in any employment contract. We cannot agree. At the outset, we note that virtually all authority cited by defendant in support of its argument concerns wrongful discharge claims, and not a claim for benefits conferred upon termination of employment as is

the case here. The concern in wrongful discharge cases centered on the potential judicial infringement on our traditional employment-at-will doctrine. That is not the issue here. Thus, we find those cases inapposite. *See e.g. Paschal v. Myers*, 129 N.C. App. 23, 28-29, 497 S.E.2d 311, 315 (1998) (adoption of Handbook as an ordinance insufficient to overcome presumption of at-will employment where plaintiff could not show receipt of Handbook or an understanding of its contents; however, ordinance sufficient to create enforceable property interest in continued employment); *Black v. Western Carolina Univ.*, 109 N.C. App. 209, 214, 426 S.E.2d 733, 736 (1993) (provisions of university code were not incorporated into professor's employment contract, where neither contract nor professor's employee handbook expressly incorporated code, and provisions of contract mentioning code were not marked to indicate that they had become part of contract); *Howell v. Town of Carolina Beach*, 106 N.C. App. 410, 415, 417 S.E.2d 277, 280 (1992) (in breach of contract claim for wrongful discharge, no evidence that employee could only be discharged "for cause").

The outcome of cases seeking severance pay rather than employment as of right has been different. In a case dealing with a severance pay provision similar to the instant case, we held the following:

> In its affidavit in support of its motion for summary judgment, defendant has admitted plaintiff's employment in a management position and admitted that it had in effect a termination allowance applicable to management employees . . . . *Such an employment contract provision, recognizably cancellable at will by an employer, would nevertheless operate to protect employees within its coverage during their employment and during the effective operation of such a provision.*

*Brooks v. Carolina Tel. & Tel. Co.*, 56 N.C. App. 801, 804, 290 S.E.2d 370, 372 (1982) (emphasis added). *See also Pritchard*, 81 N.C. App. at 543, 344 S.E.2d at 821 (oral promise of benefits by county officials to employees sufficient to vest rights in the benefits). We have previously held that employees have contractual rights to benefits already earned. *See Simpson*, 88 N.C. App. at 223-24, 363 S.E.2d at 94 (citing *Insurance Co. v. Johnson, Comm'r of Revenue*, 257 N.C. 367, 126 S.E.2d 92 (1962)) ("If a pension is but deferred compensation, already in effect earned, merely transubstantiated over time into a retirement allowance, then an employee has contractual rights to it. The agreement to defer the compensation is the contract. Fundamental fairness

**BOLICK v. COUNTY OF CALDWELL**

[182 N.C. App. 95 (2007)]

also dictates this result.") Therefore, we distinguish between wrongful termination claims and those seeking compensation allegedly due under a contract.

**[4]** Next, defendant argues that the Caldwell County Personnel Ordinance does not apply to plaintiff as it only covers employees, and not deputy sheriffs. Defendants cite *Styers v. Forsyth County* 212 N.C. 558, 560, 194 S.E. 305, 306 (1937) as authority for their argument that, by law, deputy sheriffs are not employees. The comparison between *Styers* and this case is inapposite. *Styers*, a Workers Compensation Act case, dealt with the difference between "fee deputies", then employed by Forsyth County, and "salaried deputies." *Id.* at 565, 194 S.E. at 309. ("Whether this responsibility has been shifted to the county in the case of salaried deputies, we make no decision, as the question is not presently before us.") In this case, the Caldwell County Personnel Ordinance refers by its terms to "any Caldwell County employee." Plaintiff was routinely referred to as an employee. *See, e.g.* "Caldwell County Employee Status Change Form." This argument is also rejected.

The defendant has briefed two other arguments. However, these pertain to factual determinations rather than the denial of sovereign immunity. As to these, defendants have failed to meet their burden of identifying a substantial right which would be affected were this Court to decline review of the remaining grounds in the instant appeal. *See Flitt v. Flitt*, 149 N.C. App. 475, 477, 561 S.E.2d 511, 513 (2002) (noting that "moving party must show that the affected right is a substantial one, and that deprivation of that right, if not corrected before appeal from final judgment, will potentially injure the moving party"). Therefore, the remaining grounds of the appeal are not properly before us, and must be dismissed as interlocutory.

The order denying summary judgment is affirmed, and the case remanded back to the superior court for further proceedings consistent with this opinion.

Affirmed in part, dismissed in part, and remanded.

Judges HUNTER and STROUD concur.