THREE GUYS REAL ESTATE, a NORTH CAROLINA GENERAL PARTNERSHIP v. HARNETT COUNTY, a BODY POLITIC, GEORGE JACKSON, IN HIS OFFICIAL CAPACITY AS HARNETT COUNTY PLANNING DIRECTOR, AND THOMAS TAYLOR, IN HIS OFFICIAL CAPACITY AS HARNETT COUNTY SUBDIVISION ADMINISTRATOR

No. 242PA96

(Filed 10 February 1997)

### Zoning § 19 (NCI4th)— plat map for subdivision—county approval— exemption

The trial court should have issued a declaratory judgment that plaintiff's plat shows a division of land that is exempt from Harnett County's subdivision regulations and a writ of mandamus directing the Harnett County subdivision administrator to affix to plaintiff's plat a certificate so stating where plaintiff was the owner of an undeveloped tract of approximately 231.37 acres; plaintiff submitted to the Harnett County Planning Department a plat which showed a division of the land containing 23 parcels, each in excess of ten acres, without any street right of way or

THREE GUYS REAL ESTATE v. HARNETT COUNTY

[345 N.C. 468 (1997)]

other access; plaintiff requested that the Planning Department certify the plat as exempt from the County's subdivision regulations, thereby allowing plaintiff to record the plat; the plat contained a certificate indicating that the surveyor certified that the plat met the requirements of N.C.G.S. § 47-30(f)(11)(d); the Harnett County subdivision manager informed plaintiff that the plat did not qualify as exempt; plaintiff brought this action seeking a declaratory judgment that the plat is exempt from Harnett County's subdivision regulations; and the trial court found that access for services such as law enforcement, fire or rescue operations would be prohibitive and inadequate and that the purpose of the subdivision ordinance would be circumvented as to the promotion of public health, safety, and general welfare if the plat was developed in its current form, and concluded that the plat was not exempt. The language of N.C.G.S. § 153A-335(2) is clear and unambiguous; plaintiff's division of land is not subject to any regulations enacted pursuant to N.C.G.S. §§ 153A-330 to -335 because it shows a division of land into parcels greater than ten acres and no street right-of-way is involved. The general health, safety, and welfare language of N.C.G.S. § 153A-331 cannot invalidate the specific exception clearly stated in N.C.G.S. § 153A-335(2). No other construction can reasonably be accomplished without doing violence to the legislative language. Furthermore, while N.C.G.S. § 153A-331 represents a broad, general grant of power to include provisions in a county's subdivision ordinance, the exemptions in N.C.G.S. § 153A-335 are specific, direct, withdrawals of county authority to regulate specified divisions of land.

**Am Jur 2d, Zoning and Planning §§ 529, 531, 534, 558.**

**Validity of zoning ordinance deferring residential development until establishment of public services in area. 63 ALR3d 1184.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 122 N.C. App. 362, 469 S.E.2d 578 (1996), modifying and affirming a declaratory judgment entered by Farmer, J., on 9 January 1995 in Superior Court, Harnett County. Heard in the Supreme Court 12 December 1996.

*Grainger R. Barrett for plaintiff-appellant.*

*Dwight W. Snow for defendant-appellees.*

ORR, Justice.

Plaintiff is the owner of an undeveloped tract of real property containing approximately 231.37 acres located in Harnett County, North Carolina. In late 1993, plaintiff submitted a plat of the property, dated 27 April 1993, to the Harnett County Planning Department. This plat showed a division of land entitled "Weswood 4" containing twenty-three parcels, each of which was in excess of ten acres. The plat did not indicate any street right-of-way or other access to the subdivision lots.

Plaintiff requested that the Planning Department certify the plat as exempt from Harnett County's subdivision regulations, thereby allowing plaintiff to record the plat with the Harnett County Register of Deeds pursuant to N.C.G.S. § 47-30(f)(11), which provides that every plat shall contain the following specific information:

(11) Notwithstanding any other provision contained in this section, it is the duty of the surveyor, by a certificate on the face of the plat, to certify to one of the following:

a. That the survey creates a subdivision of land within the area of a county or municipality that has an ordinance that regulates parcels of land;

b. That the survey is located in such portion of a county or municipality that is unregulated as to an ordinance that regulates parcels of land;

c. That the survey is of an existing parcel or parcels of land;

d. That the survey is of another category, such as the recombination of existing parcels, a court-ordered survey, or other exception to the definition of subdivision;

e. That the information available to the surveyor is such that the surveyor is unable to make a determination to the best of his or her professional ability as to provisions contained in (a) through (d) above.

However, if the plat contains the certificate of a surveyor as stated in a., d., or e. above, then the plat shall have, in addition to said surveyor's certificate, a certification of approval, or no approval required, as may be required by local ordinance from the appropriate government authority before the plat is presented for recordation. If the plat con-

tains the certificate of a surveyor as stated in b. or c. above, nothing shall prevent the recordation of the plat if all other provisions have been met.

N.C.G.S. § 47-30(f)(11) (Supp. 1996). N.C.G.S. § 153A-335(2) excepts from the statutory definition of "subdivision" and exempts from county subdivision regulations the "division of land into parcels greater than 10 acres if no street right-of-way dedication is involved." Thus, a survey of a division of land that is described in N.C.G.S. § 153A-335(2) falls under N.C.G.S. § 47-30(f)(11)(d) and requires a certification of "no approval required" before the plat may be presented for recordation. The Weswood 4 plat contained a certificate indicating that the surveyor certified that the plat met the requirements of N.C.G.S. § 47-30(f)(11)(d). However, defendant Thomas Taylor, acting as Harnett County subdivision administrator, informed plaintiff that plaintiff's plat did not qualify as exempt and was therefore subject to Harnett County's subdivision regulations.

Thereafter, plaintiff brought this action seeking (1) a declaratory judgment that the plat of the Weswood 4 division of land is exempt from Harnett County's subdivision regulations, and (2) a writ of mandamus directing Taylor to certify the plat as exempt from the regulations. After filing this action, plaintiff submitted a "revised" plat of the Weswood 4 division of land which showed a series of private driveway easements providing access to the parcels.

The trial court found that the series of private driveway easements "for all intents and purposes would be open for public use." The trial court also found that "[a]ccess to the 23 lots of Weswood 4 Subdivision for county services such as law enforcement, fire or rescue operations would be prohibitive and inadequate." The trial court further found that "[t]he purpose of the Harnett County Subdivision Ordinance would be circumvented as far as the promotion of public health, safety and general welfare of the County if the Weswood 4 Subdivision plat was developed in its current form." Based on its findings, the trial court concluded as a matter of law that the Weswood 4 plat was not exempt from Harnett County's subdivision regulations.

Plaintiff appealed to the Court of Appeals. The Court of Appeals first stated:

In this case, defendants admitted that plaintiff's plat map of the Weswood 4 subdivision "does not show dedicated rights of way from SR 1103 [the only marked road located near, but not

providing any direct access to, twenty-two of the twenty-three parcels] . . . ." Notwithstanding such admission, the trial court, in its finding of fact #11, found that the series of private driveway easements, by which plaintiff intends to provide access to the various Weswood 4 subdivision lots and which were to be maintained pursuant to a driveway maintenance agreement, were "for all intents and purposes . . . open for public use." This finding was in error, for there was no evidence whatsoever in the record to support such finding. Hence, the conclusions and decree of the trial court that the plat map is not exempt from the Harnett County Subdivision Regulations are invalid.

*Three Guys Real Estate v. Harnett County*, 122 N.C. App. 362, 366, 469 S.E.2d 578, 581 (1996). This portion of the opinion of the Court of Appeals is correct.

However, the Court of Appeals went on to hold that "even though plaintiff's plat map may not fall within the definition of 'subdivision' contained in Harnett County's Subdivision Regulations, defendants are not required to approve the map for recordation if plaintiff's proposed use of its land as shown thereon would be a danger to the health, safety and welfare of the community." *Id.* at 369, 469 S.E.2d at 582. The Court of Appeals reasoned that because the enabling legislation for county regulation of subdivisions includes a general statement of objective to promote the health, safety, and welfare of communities, *see* N.C.G.S. § 153A-331 (1991), exemption of the plat of a subdivision that endangered public health, safety, and welfare would be contrary to legislative intent. Therefore, the Court of Appeals held that because access to the Weswood 4 lots for such county services as law enforcement, fire, or rescue operations would be prohibitive and inadequate, thereby endangering the public health, safety, and welfare, defendants were not required to approve plaintiff's plat for recordation. We disagree.

Harnett County's power to regulate subdivisions is authorized and controlled by N.C.G.S. §§ 153A-330 through -335. "Statutory interpretation properly begins with an examination of the plain words of the statute." *Correll v. Division of Social Servs.*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992). "If the language of the statute is clear and is not ambiguous, we must conclude that the legislature intended the statute to be implemented according to the plain meaning of its terms." *Hyler v. GTE Prods. Co.*, 333 N.C. 258, 262, 425 S.E.2d 698, 701 (1993).

N.C.G.S. § 153A-330 provides that "[a] county may by ordinance regulate the subdivision of land within its territorial jurisdiction." N.C.G.S. § 153A-331, upon which the Court of Appeals relies, provides that "[a] subdivision control ordinance may provide for . . . the distribution of population and traffic in a manner that will avoid congestion and overcrowding and will create conditions essential to public health, safety, and the general welfare." N.C.G.S. § 153A-335 defines "subdivision" and provides:

> the following is not included within this definition and is not subject to any regulations enacted pursuant to this Part [N.C.G.S. §§ 153A-330 to -335]:
>
> . . . .
>
> (2) The division of land into parcels greater than 10 acres if no street right-of-way dedication is involved[.]

N.C.G.S. § 153A-335(2) (1991). This language is clear and unambiguous. As the Court of Appeals correctly concluded, plaintiff's division of land falls within this exception. Plaintiff's plat shows a division of land into parcels greater than ten acres, and no street right-of-way dedication is involved. Therefore, according to the statute, plaintiff's division of land is not subject to *any* regulations enacted pursuant to N.C.G.S. §§ 153A-330 to -335.

Defendants argue that N.C.G.S. § 153A-331 includes a statement of purpose to protect the public health, safety, and welfare and that recordation of plaintiff's plat would allow plaintiff to circumvent this purpose. Defendants further argue that the statutory mandate that this chapter of the General Statutes should be construed broadly, *see* N.C.G.S. § 153A-4 (1991), requires a holding that plaintiff's plat is not exempt so that the purpose is not circumvented. We recognize that when a statute is ambiguous or unclear in its meaning, a "construction of [the] statute which operates to defeat or impair the object of the statute must be avoided if that can reasonably be done without doing violence to the legislative language." *N.C. Baptist Hosps. v. Mitchell*, 323 N.C. 528, 532, 374 S.E.2d 844, 846 (1988). However, assuming *arguendo* that under the facts of this case, N.C.G.S. § 153A-335(2) and N.C.G.S. § 153A-331 may not be read together without resulting in some ambiguity or conflict, the general health, safety, and welfare language of N.C.G.S. § 153A-331 cannot invalidate the specific exemption clearly stated in N.C.G.S. § 153A-335(2). The language of N.C.G.S. § 153A-335(2) itself is not ambiguous, and plaintiff's

division of land falls, without question, under this exception. No other construction can reasonably be accomplished without doing violence to the legislative language.

Furthermore, "[w]here one of two statutes might apply to the same situation, the statute which deals more directly and specifically with the situation controls over the statute of more general applicability." *Trustees of Rowan Tech. College v. J. Hyatt Hammond Assocs.*, 313 N.C. 230, 238, 328 S.E.2d 274, 279 (1985). N.C.G.S. § 153A-331 represents a broad, general grant of power to include provisions in a county's subdivision ordinance. The exemptions of N.C.G.S. § 153A-335 are specific, direct withdrawals of county authority to regulate specified divisions of land. Therefore, although the two statutes may conflict as applied to these facts, N.C.G.S. § 153A-335(2) must control.

We cannot assume that the General Assembly intended for plaintiff's division of land to no longer be exempt from the county subdivision regulations because it might endanger the public health, safety, and welfare. The General Assembly did not include such a proviso in N.C.G.S. § 153A-335. Instead, the General Assembly clearly exempted the division of land into parcels greater than ten acres if no street right-of-way dedication is involved. Plaintiff's division of land falls squarely within this exception. Therefore, the trial court should have issued a declaratory judgment that plaintiff's plat shows a division of land that is exempt from Harnett County's subdivision regulations and a writ of mandamus directing the Harnett County subdivision administrator to affix to plaintiff's plat a certificate so stating.

For the foregoing reasons, the decision of the Court of Appeals is reversed, and the case is remanded to that court for further remand to Superior Court, Harnett County, for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.