GEORGE H. DERWORT AND J. RONALD PADGETT, COPARTNERS D/B/A RIVER'S REST, PLAINTIFFS V. POLK COUNTY, POLK COUNTY BOARD OF COMMISSIONERS, AND POLK COUNTY PLANNING BOARD, DEFENDANTS

No. COA97-77

(Filed 16 June 1998)

**1. Appeal and Error § 146.2 (NCI4th)— Rule 12(b)(6) motion—governmental immunity defense—public duty doctrine—immediately appealable**

The denial of a motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) was properly appealed even though interlocutory in an action against a county arising from septic tank permits not being available for a subdivision.

**2. Counties § 124 (NCI4th)— denial of septic tank permits for subdivision—negligence—public duty doctrine**

The trial court erred in a negligence action against the county for approving a subdivision plan and not granting septic tank permits by failing to dismiss the claims against the county under N.C.G.S. § 1A-1, Rule 12(b)(6) where the county was immune from suit under the circumstances of the case by virtue of the public duty doctrine. As to the special relationship exception, plaintiffs allege nothing more than that defendants undertook their duty to enforce the Code. As to the special duty exception, the complaint contained no allegation that defendants made any overt promise to plaintiffs to protect their interests.

Appeal by defendants from order entered 7 November 1996 by Judge Zoro J. Guice, Jr. in Polk County Superior Court. Heard in the Court of Appeals 17 September 1997.

*Baiba Bourbeau for plaintiffs-appellees.*

*Womble Carlyle Sandridge & Rice, by G. Michael Barnhill and W. Clark Goodman, for defendants-appellants.*

JOHN, Judge.

Defendant Polk County (the County) appeals denial of its motion to dismiss plaintiffs' claims pursuant to N.C.R. Civ. P. 12(b)(6) (Rule 12(b)(6)). We reverse the trial court.

DERWORT v. POLK COUNTY

[129 N.C. App. 789 (1998)]

Procedural history and pertinent facts as alleged by plaintiffs are as follows: Plaintiffs George H. Derwort and J. Ronald Padgett, principals in a partnership to develop property known as River's Rest located in Polk County, submitted a plan for development of Phase II (the Phase II plat) to defendant Polk County Planning Board (the Board). The submission was tendered in accordance with subdivision regulation provisions of the Polk County Code (the Code), which the County had enacted pursuant to N.C.G.S. § 153A-121 et seq. (1991).

The Board certified the Phase II plat on 10 November 1988, and on 21 November 1988 the County Clerk certified that defendant Polk County Board of Commissioners (the Commissioners) had approved the Phase II plat for recording. Plaintiffs thereupon proceeded with grading of the property, construction and placement of roads and installation of a water supply. Plaintiffs subsequently sold lots with guarantees that septic tank permits could be obtained as needed.

Beginning in August 1992 and through 1995, plaintiffs applied for septic tank permits. Plaintiffs were informed by the Polk County Health Department (the Department) that all Phase II lots were unsuitable for purposes of obtaining septic tank permits.

Plaintiffs filed the instant complaint 22 March 1996, alleging claims of negligence arising out of defendants' approval of the Phase II plat. Plaintiffs alleged defendants were negligent in failing to require "accurate certifications and approvals."

Defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted. In an order entered 7 November 1996, the trial court granted the motion as to all claims against the Commissioners and the Board, but denied the motion regarding plaintiffs' claims against the County. On appeal, defendants contend the trial court erred in denying the motion as applied to the County. We agree and reverse that portion of the trial court's order.

[1] Although the instant order is interlocutory and thus not ordinarily subject to immediate appeal, we believe the County's appeal is properly before us. Appeals which present defenses of governmental or sovereign immunity have been held by this Court to be immediately appealable. See, e.g., Hedrick v. Rains, 121 N.C. App. 466, 468, 466 S.E.2d 281, 283 ("orders denying dispositive motions grounded on the defense of governmental immunity are immediately reviewable as affecting a substantial right"), aff'd per curiam, 344 N.C. 729, 477

S.E.2d 171 (1996). This principle has been applied in cases where, as here, "defendants have asserted governmental immunity from suit through the public duty doctrine." *Clark v. Red Bird Cab Co.*, 114 N.C. App. 400, 403, 442 S.E.2d 75, 77, *disc. review denied*, 336 N.C. 603, 447 S.E.2d 387 (1994).

**[2]** Turning then to the merits of the County's appeal, we note initially that a Rule 12(b)(6) motion tests the legal sufficiency of the pleading against which it is directed. *Donovan v. Fiumara*, 114 N.C. App. 524, 526, 442 S.E.2d 572, 574 (1994). Such motion is properly allowed when the factual allegations fail as a matter of law to state the substantive elements of some legally recognized claim. *Id.* We conclude plaintiffs' complaint herein failed to set forth the necessary elements of a negligence claim against the County.

"It is fundamental that actionable negligence is predicated on the existence of a legal duty owed by the defendant to the plaintiff." *Lynn v. Overlook Development*, 98 N.C. App. 75, 78, 389 S.E.2d 609, 611 (1990), *aff'd in part, reversed in part*, 328 N.C. 689, 403 S.E.2d 469 (1991). A municipality ordinarily acts for the benefit of the public, not a specific individual, in providing protection to the public pursuant to its statutory police powers. *Id.* at 78, 389 S.E.2d at 611-12. If a defendant owes no duty to the plaintiff, there can be no liability for negligence. *Sinning v. Clark*, 119 N.C. App. 515, 518, 459 S.E.2d 71, 73, *disc. review denied*, 342 N.C. 194, 463 S.E.2d 242 (1995).

The County, relying on the public duty doctrine, contends plaintiffs' complaint failed to allege the existence of a special duty of the County to plaintiffs, and that it thus cannot be held liable to plaintiffs for negligence. *See id.* We agree.

The public duty doctrine is a common law rule based upon

the general proposition that a municipality and its agents ordinarily act for the benefit of the general public and not for a specific individual when exercising its statutory police powers, and, therefore, cannot be held liable for a failure to carry out its statutory duties to an individual.

*Sinning*, 119 N.C. App. at 518, 459 S.E.2d at 73. The public duty doctrine and certain exceptions thereto were expressly adopted by our Supreme Court in *Braswell v. Braswell*, 330 N.C. 363, 371, 410 S.E.2d 897, 902 (1991), *reh'g denied*, 330 N.C. 854, 413 S.E.2d 550 (1992) and have been applied not only in *Braswell*, 330 N.C. App. at 370-71, 410 S.E.2d at 901-02 (police protection), but also in *Sinning*, 119 N.C.

App. at 519-20, 459 S.E.2d at 74 (city building inspections for compliance with North Carolina State Building Code), and *Prevette v. Forsyth County*, 110 N.C. App. 754, 758, 431 S.E.2d 216, 218 (animal control services), *disc. review denied*, 334 N.C. 622, 435 S.E.2d 338 (1993).

Plaintiffs' complaint alleges the Code, including those portions relating to subdivision development, was enacted pursuant to authority granted by G.S. § 153A-121 *et seq.*, the initial statutory provision subsumed within the heading "Delegation and Exercise of the General Police Power." Under the section, counties are authorized to enact ordinances to regulate "conditions detrimental to the health, safety, or welfare of its citizens." In addition, N.C.G.S. § 153A-331 (1991) provides that subdivision control ordinances may regulate "in a manner that . . . will create conditions essential to public health, safety, and the general welfare." *See also Three Guys Real Estate v. Harnett County*, 122 N.C. App. 362, 368, 469 S.E.2d 578, 582 (1996) ("[i]n enacting legislation governing the control of subdivisions by counties, our General Assembly has sought to empower such local governments to promote the health, safety and welfare of communities"), *rev'd on other grounds*, 345 N.C. 468, 480 S.E.2d 681 (1997).

The plain language of the statute and our case law thus indicate that subdivision control is a duty owed to the general public, not a specific individual. Further, plaintiffs do not dispute application of the public duty doctrine to the County's supervision of compliance with provisions of its subdivision control ordinance. Indeed, plaintiffs correctly state that the Code "was promulgated and is enforced for the protection of the general public." Nothing else appearing, then, the County was immune from suit under the circumstances *sub judice* by virtue of application of the public duty doctrine.

Plaintiffs, however, rely upon the recognized exceptions to the public duty doctrine. Enforcement of the doctrine's general prohibition against municipal liability may be withheld in this jurisdiction in two instances: (1) where there exists a "special relationship" between the injured party and the municipality, and (2) where the municipality creates a "special duty" by a) promising protection to the individual, b) the protection thereafter does not occur, and c) the individual's reliance on the promise is causally related to the injury. *Sinning*, 119 N.C. App. at 519, 459 S.E.2d at 73-74. Nonetheless, the "special relationship" and "special duty" exceptions are to be applied very nar-

rowly, *Red Bird Cab Co.*, 114 N.C. App. at 404, 442 S.E.2d at 78, and, in the case *sub judice*, neither was adequately alleged by plaintiffs.

In advancing their reliance on the foregoing exceptions to the public duty doctrine, plaintiffs point to allegations that the County, through the Commissioner and the Board

> owed a duty to . . . the citizens of the County, and Plaintiffs, to require that the reports they rely on, in approving preliminary plat and final plats, be valid, accurate reports that reflect the actual, true physical conditions and qualities of the land proposed for development

and contend the complaint sufficiently asserted a negligence claim against the County. Plaintiffs further argue that, because of the County's

> absolute and total control over the ability of land developers to market their property, the County established a standard of care to all land developers, creating a special duty to them.

We disagree.

As to the special relationship exception, we note plaintiffs' complaint alleged nothing more than that defendants undertook their duty to enforce the Code. In a recent case holding the public duty doctrine protected the city of New Bern from liability for negligent inspection of a residence for compliance with the North Carolina State Building Code, this Court stated

> [a] showing that a municipality has undertaken to perform its duties to enforce [the building code] is not sufficient, by itself, to show the creation of a special relationship with particular individual citizens.

*Sinning*, 119 N.C. App. at 519, 459 S.E.2d at 74. *See also Moseley v. L & L Construction, Inc.*, 123 N.C. App. 79, 84, 472 S.E.2d 172, 175 (1996) (plaintiff's negligence claim properly dismissed against defendant county building inspector because neither special relationship nor special duty exception to public duty doctrine was shown). We perceive no distinction between the instant allegations of a "special" relationship between plaintiffs and the County and the circumstances of the plaintiffs in *Sinning* vis-à-vis the city of New Bern.

Moreover, to set forth the special duty exception, a plaintiff must allege: (1) an actual promise was made to create the special duty, (2)

CALHOUN v. WAYNE DENNIS HEATING & AIR COND.

[129 N.C. App. 794 (1998)]

the promise was reasonably relied upon by the plaintiff and (3) the latter's reliance was causally related to the injury complained of. *Braswell*, 330 N.C. at 371, 410 S.E.2d at 902. Plaintiffs' complaint contained no allegation defendants made any "overt promise" to plaintiffs to protect the latters' interests, giving rise to a special duty, *see Red Bird Cab Co.*, 114 N.C. App. at 405, 442 S.E.2d at 78, and thus failed to allege the existence of the type of promise from defendants to benefit plaintiffs contemplated by the public duty doctrine.

Because we hold the trial court erred in failing to dismiss plaintiffs' claims against the County, we decline to address the County's further argument that plaintiffs' claims were barred by the statute of limitations.

Reversed.

Judges GREENE and TIMMONS-GOODSON concur.