JEANE HOBBY AND KEITH HOBBY, Plaintiffs v. CITY OF DURHAM AND DURHAM BULLS BASEBALL CLUB, INC., Defendants

No. COA01-619

(Filed 6 August 2002)

**Negligence— baseball stadium—protection from foul balls**

    The trial court did not err by granting defendants' Rule 12 (b)(6) motion to dismiss in a negligence action which arose when plaintiff was struck in the back of the head by a foul ball which bounced off a beam. Plaintiff chose to sit in a seat exposed to the hazards of the game rather than in a seat behind protective netting; even though a front protective screen might not have prevented this injury, defendants discharged their duty to plaintiff by providing a screened section.

**HOBBY v. CITY OF DURHAM**

[152 N.C. App. 234 (2002)]

Appeal by plaintiffs from order entered 12 January 2001 by Judge Orlando F. Hudson, Jr. in Durham County Superior Court. Heard in the Court of Appeals 21 February 2002.

*R. Bradley Miller, for plaintiffs-appellants.*

*Smith, Helms, Mulliss & Moore, L.L.P., by Alan W. Duncan and Allison Overbay Van Laningham, for defendants-appellees.*

THOMAS, Judge.

Plaintiffs, Jeane Hobby and her husband, Keith Hobby, appeal from an order dismissing their complaint against defendants, the City of Durham and the Durham Bulls Baseball Club, Inc.

The complaint, which is based on a claim that Ms. Hobby was injured by a foul ball during a Durham Bulls baseball game, was determined not to state a claim upon which relief can be granted. We affirm the trial court.

Plaintiffs contend Ms. Hobby was seated in the stands along the first line base at the Durham Bulls Athletic Park in Durham, North Carolina. The roof in that section was supported from the rear by exposed beams. A foul ball fell over the roof, bounced off one of the beams and struck her in the back of the head. In their complaint, plaintiffs claim that Ms. Hobby suffered permanent brain injury as a result. They further allege defendants "were negligent in failing to provide netting or padding, or take any other measure to prevent baseballs from bouncing off the exposed support structure for the roof or overhang and into the seating area so that spectators might be hit from behind."

Defendants answered, in part contending Ms. Hobby assumed the risk of injury as stated on her baseball admission ticket and that as a holder of the ticket she waived any right to recover. They allege the ticket included the following: "The holder of this ticket assumes all risk and danger incidental to the game of baseball, including specifically but not exclusively the danger of being injured by wild thrown and batted balls, and agrees that management is not liable for injuries resulting from such cases." Defendants filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2001). In an order dated 11 January 2001, the trial court granted defendants' motion. Plaintiffs appeal.

Because plaintiffs appeal from a Rule 12(b)(6) dismissal, we treat all of plaintiffs' factual allegations as true. *See Hargrove v. Billings & Garrett, Inc.*, 137 N.C. App. 759, 529 S.E.2d 693 (2000).

> The standard of review of an order dismissing a complaint for failure to state a claim upon which relief can be granted . . . is to determine whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. A complaint may be dismissed pursuant to Rule 12(b)(6) if no law exists to support the claim made, if sufficient facts to make out a good claim are absent, or if facts are disclosed which will necessarily defeat the claim.

*Id.* at 760-61, 529 S.E.2d at 694 (citing *Shell Island Homeowners Ass'n v. Tomlinson*, 134 N.C. App. 217, 225, 517 S.E.2d 406, 413 (1999)) (internal citations and quotations omitted). In addition, "[s]uch motion is properly allowed when the factual allegations fail as a matter of law to state the substantive elements of some legally recognized claim." *Derwort v. Polk County*, 129 N.C. App. 789, 791, 501 S.E.2d 379, 381 (1998). Here, plaintiffs have brought a negligence claim against defendants. "To establish a *prima facie* case of actionable negligence, a plaintiff must allege facts showing: (1) defendant owed plaintiff a duty of reasonable care; (2) defendant breached that duty; (3) defendant's breach was an actual and proximate cause of plaintiff's injury; and (4) plaintiff suffered damages as a result of defendant's breach." *Winters v. Lee*, 115 N.C. App. 692, 694, 446 S.E.2d 123, 124, *disc. rev. denied*, 338 N.C. 671, 453 S.E.2d 186 (1994). "An inherent component of any ordinary negligence claim is *reasonable foreseeability of injury*." *Id.* This requires the plaintiff to sufficiently allege that "a man of ordinary prudence would have known that such or some similar injurious result was reasonably foreseeable from this negligent conduct." *Hart v. Ivey*, 332 N.C. 299, 305, 420 S.E.2d 174, 178 (1992).

Plaintiffs argue that the circumstances which resulted in Ms. Hobby's injury were not "common hazards incident to the game," in that the ball which hit Ms. Hobby bounced over the stadium roof and hit her from behind. However, our Supreme Court held in *Cates v. Exhibition Co.*, 215 N.C. 64, 66, 1 S.E.2d 131, 133 (1939), that

> [t]hose operating baseball parks or grounds are held to have discharged their full duty to spectators in safeguarding them from the danger of being struck by thrown or batted balls by providing

adequately screened seats for patrons who desire them, and leaving the patrons to their choice between such screened seats and those unscreened.

"[S]pectator[s], with ordinary knowledge of the game of baseball . . . accept[] the common hazards incident to the game . . . and ordinarily there can be no recovery for an injury sustained as a result of being hit by a batted ball." *Erickson v. Baseball Club*, 233 N.C. 627, 629, 65 S.E.2d 140, 141 (1951). We note that Ms. Hobby did not choose to sit in a seat behind the protective netting; she elected to sit in a seat with some exposure to the risks of the game. In *Erickson*, 233 N.C. 627, 65 S.E.2d 140, our Supreme Court held that a ballpark was not negligent when a patron was injured during a game while sitting in unprotected seats, even though screened-in seats were already sold out when the patron arrived at the park. Although a front protective screen might not have protected Ms. Hobby from the injury alleged here, defendants nonetheless discharged their duty to Ms. Hobby by providing a screened section. Plaintiffs have failed to sufficiently allege that the circumstances disclose any other negligent breach of duty owed to plaintiffs. Accordingly, the order of the trial court dismissing plaintiffs' claims against defendants is affirmed.

Affirmed.

Judges MARTIN and CAMPBELL concur.