BRYSON v. COASTAL PLAIN LEAGUE, LLC

[221 N.C. App. 654 (2012)]

————

DARYL D. BRYSON AND DENISE BRYSON, Plaintiffs v. COASTAL PLAIN LEAGUE, LLC, GASTON BASEBALL, INC., MARTINSVILLE MUSTANGS, LLC AND THE CITY OF GASTONIA, AND THE CITY OF MARTINSVILLE, VIRGINIA, Defendants

No. COA12-65

(Filed 17 July 2012)

## Premises Liability—baseball park—injury—no duty owed—summary judgment proper

The trial court did not err in a negligence action arising out of plaintiff's injury as the result of being hit in the face by a baseball at a baseball game by granting defendants' motion for summary judgment. Defendants, in their capacities as owner and operator, respectively, of the baseball park, owed no duty to plaintiff. Therefore plaintiff could not meet his burden of proving a *prima facie* case of negligence.

Appeal by plaintiffs from orders entered 18 August 2011 and 14 September 2011 by Judge Forrest D. Bridges in Gaston County Superior Court. Heard in the Court of Appeals 21 May 2012.

**BRYSON v. COASTAL PLAIN LEAGUE, LLC**

[221 N.C. App. 654 (2012)]

*The Olive Law Firm, P.A., by Lee Olive, for plaintiffs.*

*Clawson & Staubes, PLLC, by Andrew J. Santaniello, for defendants The City of Martinsville, Virginia, and the Martinsville Mustangs, LLC.*

*Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by Luke P. Sbarra and M. Duane Jones, for defendants Coastal Plain League, LLC, Gaston Baseball, Inc., and City of Gastonia.*

*Stott, Hollowell, Palmer, and Windham, L.L.P., by Martha Raymond Thompson, for defendant City of Gastonia.*

ELMORE, Judge.

Daryl D. Bryson and Denise Bryson (together, plaintiffs) appeal from an order of summary judgment in favor of Coastal Plain League, LLC (Coastal Plain League), Gaston Baseball, Inc. (Gaston Baseball), Martinsville Mustangs, LLC (Martinsville Mustangs), the City of Gastonia, and the City of Martinsville, Virginia.

Plaintiffs have presented no arguments seeking to overturn summary judgment in their claims against the Martinsville Mustangs and the City of Martinsville. Because plaintiffs do not argue that the trial court's grant of summary judgment as to these defendants was improper, plaintiffs are deemed to have abandoned this issue. *See Harty v. Underhill,* _____ N.C. App. _____, 710 S.E.2d 327, 332 (2011); N.C.R. App. P. 28(b)(6) (2012).

Defendant Gaston Baseball operates the Gaston Grizzlies baseball team. Defendant City of Gastonia owns Sims Legion Park and leases it to Gaston Baseball. Defendant Coastal Plain League organizes and promotes baseball games between its member baseball teams, including the Gastonia Grizzlies and the Martinsville Mustangs.

On 16 June 2009, plaintiff Daryl Bryson (Mr. Bryson) attended a baseball game between the Gastonia Grizzlies and the Martinsville Mustangs at Sims Legion Park in Gastonia. Mr. Bryson's ticket was for "general admission" and allowed him to sit anywhere in Sims Legion Park. The park has several different seating areas, including an area screened by nets behind home plate, seating along the baselines that was not screened by nets, and a "beer garden" along the third base line near the bullpen, which was also not screened by nets. Mr. Bryson and his companions chose to sit in the beer garden.

The game on the day of the incident was delayed due to rain, and prior to the start of the game Martinsville Mustangs pitcher Trent Rothlin was warming up in the bullpen by throwing pitches to catcher Tyler Smith. Mr. Bryson, standing near a fence adjacent to the bullpen, was struck in the face by a "wild pitch" thrown by Rothlin. The impact of the baseball caused Mr. Bryson significant injuries, which form the basis of his complaint. His wife, co-plaintiff Denise Bryson, alleged loss of consortium against the same defendants.

Defendants moved for summary judgment, which the trial court granted. Plaintiffs now appeal, arguing that the trial court erred by granting defendants' motion for summary judgment. We disagree.

Our standard of review of a trial court's order granting or denying summary judgment is *de novo*. *Craig v. New Hanover County Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009). " 'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *Id.* (quoting *In re Appeal of The Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2011). "The showing required for summary judgment may be accomplished by proving an essential element of the opposing party's claim does not exist, cannot be proven at trial, or would be barred by an affirmative defense[.]" *Dobson v. Harris*, 352 N.C. 77, 83, 530 S.E.2d 829, 835 (2000) (citation omitted).

> "The elements of a cause of action based on negligence are: a duty, breach of that duty, a causal connection between the conduct and the injury and actual loss. A duty is defined as an 'obligation, recognized by the law, requiring the person to conform to a certain standard of conduct, for the protection of others against unreasonable risks.' "

*Davis v. N.C. Dep't of Human Resources*, 121 N.C. App. 105, 112, 465 S.E.2d 2, 6 (1995) (quoting W. Page Keeton et al., *Prosser and Keeton on The Law of Torts* § 30, at 164-65 (5th ed. 1984)).

Like all landowners in North Carolina, operators of baseball parks and stadiums owe a "duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors." *Nelson v. Freeland*, 349 N.C. 615, 632, 507 S.E.2d 882, 892 (1998).

However, with regard to thrown or batted balls, operators "are held to have discharged their full duty to spectators in safeguarding them from the danger of being struck by thrown or batted balls by providing adequately screened seats for patrons who desire them, and leaving the patrons to their choice between such screened seats and those unscreened." *Cates v. Cincinnati Exhibition Co.*, 215 N.C. 64, 66, 1 S.E.2d 131, 133 (1939) (citations omitted). Our Supreme Court has further held that it is not necessary to provide screened seats for all patrons who desire them, but rather, "[i]t is enough to provide screened seats, in the areas back of home plate where the danger . . . is greatest, in sufficient number to accommodate as many patrons as may reasonably be expected to call for them on ordinary occasions." *Erickson v. Lexington Baseball Club*, 233 N.C. 627, 628, 65 S.E.2d 140, 141 (1951).

Additionally, this Court has held that a baseball park operator's duty is discharged even when a plaintiff is injured in an unusual way by a thrown or batted ball. *Hobby v. City of Durham*, 152 N.C. App. 234, 236–37, 569 S.E.2d 1, 2 (2002). In *Hobby*, the plaintiff chose a seat that was not behind netting and was injured when a foul ball bounced off a support beam of the stadium and struck her head. *Id.* at 235, 569 S.E.2d at 1. We held that, "[a]lthough a front protective screen might not have protected Ms. Hobby from the injury alleged here, defendants nonetheless discharged their duty to Ms. Hobby by providing a screened section." *Id.* at 237, 569 S.E.2d at 2.

Here, Sims Legion Park did provide screened seats behind home plate, yet Mr. Bryson chose to sit in the unscreened beer garden. Therefore, the duty required of defendants Gaston Baseball and City of Gastonia as owner and operator, respectively, was discharged by providing seats screened with netting behind home plate.

Plaintiffs argue that Mr. Bryson's injury is distinguishable from those in *Cates, Erickson,* or *Hobby* because he was struck by a wild pitch from the bullpen rather than a foul ball. We disagree. *Cates* specifically indicates that a stadium or park operator's duty is discharged with regard to "wildly thrown or foul balls," as these are hazards incident to the game. *Cates*, 215 N.C. at 66, 1 S.E.2d at 133 (quoting *Crane v. Kansas City Baseball & Exhibition Co.*, 153 S.W. 1076, 1077 (Mo. 1913)).

Persons familiar with the game of softball or baseball, both as spectators at ball parks and as viewers on television are well aware that a "bull pen" or warm-up area is as integral a part of the

game as the players who are performing on the field. There is seldom a ball game completed where there is not activity in the warm-up areas both before and during a ball game. . . . It should also be readily obvious to any person who is familiar with the game that such warm-up areas or bullpens are quite often not screened in any manner from patrons sitting in certain areas of the ball park and it should also be apparent to persons familiar with the game that on occasions a pitcher will lose control and throw a "wild pitch" from the warm-up or the person to whom he is throwing will miss the ball and the same may go in any direction either onto the playing field or into the stands occupied by the paying customers.

*Lang v. Amateur Softball Ass'n of America,* 520 P.2d 659, 661 (Okla. 1974).

Plaintiffs additionally argue that *Erickson* established an "extraordinary hazard" exception to the no-duty rule for operators of baseball parks. We disagree. Much as it is here, the alleged exception was simply an alternate theory presented by the plaintiff in *Erickson,* which the Court rejected. *Erickson,* 233 N.C. at 630, 65 S.E.2d at 142. No subsequent case citing *Erickson,* in North Carolina or any other jurisdiction, has referenced an "extraordinary hazard" as a valid exception to the no-duty baseball rule.

We conclude that defendants City of Gastonia and Gaston Baseball, in their capacities as owner and operator, respectively, of Sims Legion Park, owed no duty to Mr. Bryson. Therefore plaintiffs cannot meet their burden of proving a prima facie case of negligence. Accordingly, we do not address plaintiffs' joint enterprise argument regarding Coastal Plain League, nor do we address Denise Bryson's loss of consortium claim as it is derivative of Mr. Bryson's negligence claim.

We hold that summary judgment in favor of defendants was appropriate and affirm the order of the trial court.

Affirmed.

Chief Judge MARTIN concurs.

Judge HUNTER, JR., Robert N., concurs in result only.