GARY WINTON SHOWALTER, PLAINTIFF v. NORTH CAROLINA DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY, STATE HIGHWAY PATROL DIVISION, AND WILLIE E. EMMONS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY, DEFENDANTS

No. COA06-757

(Filed 1 May 2007)

**1. Appeal and Error— appealability—denial of summary judgment—immunity defense**

An appeal from the denial of defendants' motion for summary judgment grounded on the affirmative defense of immunity was proper; however, the balance of their arguments are premature because they showed no substantial right that would be lost or irreparable prejudice that would be suffered without review before final judgment.

**2. Civil Rights— § 1983 claim—traffic stop—false arrest— excessive force—qualified immunity—denial of summary judgment**

The trial court correctly denied defendant highway patrolman's motion for summary judgment on plaintiff's 42 U.S.C. § 1983 claim for violation of his rights to be free from false arrest and from the use of excessive force during a traffic stop based upon qualified immunity where there was a material issue of disputed fact as to whether a reasonable law officer in the position of defendant patrolman would have known that his actions violated those established rights.

**3. Civil Rights— § 1983 claim—traffic stop—public official immunity—issue of malice—denial of summary judgment**

The trial court correctly denied defendant highway patrolman's motion for summary judgment on plaintiff's 42 U.S.C. § 1983 claim arising from a traffic stop based upon public official immunity where there was a material issue disputed fact as to whether defendant acted maliciously.

Appeal by defendants from order entered 6 March 2006 by Judge Michael E. Beale in Cabarrus County Superior Court. Heard in the Court of Appeals 27 March 2007.

*David Q. Burgess for plaintiff-appellee.*

*Roy Cooper, Attorney General, by Michael R. Epperly, Assistant Attorney General, for defendants-appellants.*

MARTIN, Chief Judge.

Plaintiff brought this action alleging claims against defendant Emmons, a member of the North Carolina State Highway Patrol, and the North Carolina Department of Crime Control and Public Safety. The claims arose from an incident which occurred on 25 January 2004 on Interstate Highway 85 in Mecklenburg County when Trooper Emmons stopped plaintiff and attempted to issue him a citation for traveling at a speed greater than reasonable and prudent under the existing conditions. When plaintiff protested, a scuffle ensued and Trooper Emmons subdued plaintiff with the use of pepper spray and handcuffs. Plaintiff was subsequently arrested and charged with resisting, delaying or obstructing a law enforcement officer. Both charges were later dismissed by the trial court after Trooper Emmons was twice absent from court when plaintiff's trial was scheduled.

In his suit, plaintiff sought compensatory and punitive damages alleging state tort claims against Trooper Emmons, in his individual and official capacities, for false arrest, malicious prosecution, and assault and battery, as well as a claim for violation of 42 U.S.C. § 1983. Plaintiff also asserted claims against Trooper Emmons and the Department alleging violation of his rights under §§ 19-21 and 35-36 of the North Carolina Constitution.

Defendants answered, denying the material allegations of the complaint and asserting, *inter alia,* the affirmative defenses of sovereign immunity, qualified immunity, and public official immunity. After discovery, defendants moved for summary judgment as to all claims. The trial court dismissed plaintiff's North Carolina constitutional claims against Trooper Emmons and the Department, but denied defendants' motion for summary judgment as to plaintiff's state tort and 42 U.S.C § 1983 claims, concluding there are genuine issues of material fact for trial. Defendants appeal.

[1] The order denying defendants' motion for summary judgment is an interlocutory order which, as a general rule, is not immediately

appealable unless a substantial right of one of the parties would be adversely affected if the appeal is delayed until a final judgment. *See* N.C. Gen. Stat. §§ 1-277, 7A-27(d) (2005); *Equitable Leasing Corp. v. Myers*, 46 N.C. App. 162, 164, 265 S.E.2d 240, 244 (1980). However, this Court has repeatedly held that the denial of a motion for summary judgment grounded on the defense of governmental immunity affects a substantial right and is immediately appealable. *See Derwort v. Polk County*, 129 N.C. App. 789, 792, 501 S.E.2d 379, 381 (1998); *Hedrick v. Rains*, 121 N.C. App. 466, 466 S.E.2d 281, *aff'd*, 344 N.C. 729, 477 S.E.2d 171 (1996). "We allow interlocutory appeals in these situations because the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Epps v. Duke University, Inc.*, 122 N.C. App. 198, 201, 468 S.E.2d 846, 849 (1996) (internal quotation omitted). Therefore, to the extent defendants appeal from the denial of their motion for summary judgment grounded on the affirmative defense of immunity, their appeal is properly before us. *Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785-86 (1999). With respect to the balance of their arguments, however, defendants have shown no substantial right which would be lost or irreparably prejudiced if the order is not reviewed before final judgment and those arguments are premature. *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 240 S.E.2d 338 (1978).

A trial court's ruling on a motion for summary judgment is reviewable *de novo* to determine whether there is any genuine issue of material fact and whether either party is entitled to judgment as a matter of law. *Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). The burden is upon the party moving for summary judgment to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (2006); *Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982).

[2] Defendants argue the trial court erred in concluding that Trooper Emmons was not entitled to qualified immunity because the right which plaintiff alleges to have been violated was not clearly established at the time and because a reasonable officer would not have known that Trooper Emmons' actions violated that right. The defense of qualified immunity shields government officials from personal liability " 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Andrews v. Crump*, 144 N.C. App. 68, 75-76, 547

S.E.2d 117, 122, *disc. review denied*, 354 N.C. 215, 553 S.E.2d 907 (2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L. Ed. 2d 396, 410 (1982)).

Turning first to the plaintiff's claims under 42 U.S.C. § 1983, this Court has held that ruling on a defense of qualified immunity requires (1) identification of the specific right allegedly violated; (2) determining whether the right was clearly established at the time it was allegedly violated; and (3) if so, then determining whether a reasonable person in the officer's position would have known that his actions violated that right. *Lee v. Greene*, 114 N.C. App. 580, 585, 442 S.E.2d 547, 550 (1994). While the first two requirements entail purely legal conclusions, the third may require factual determinations respecting disputed aspects of the officer's conduct. . . . Thus, "[i]f there are genuine issues of historical fact respecting the officer's conduct or its reasonableness under the circumstances, summary judgment is not appropriate, and the issue must be reserved for trial." *Id.* (quoting *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992)) (internal citations omitted).

In this case, the plaintiff's § 1983 claim alleged that his right to be free from false arrest, and his right to be free from the use of excessive force had been violated by the defendants. Defendants argue that Trooper Emmons had probable cause to arrest and use force against plaintiff, and therefore these claims must fail as a matter of law. However, in analogous cases, we have held that when, as in the case at bar, the nature and course of events are disputed, "[t]he trier of fact must determine exactly what transpired and, based on those facts, determine if probable cause existed." *Glenn-Robinson v. Acker*, 140 N.C. App. 606, 621, 538 S.E.2d 601, 612 (2000).

We further note that we have held that the right to be free from false arrest is a firmly established right for § 1983 purposes. *Id.* We have held the same with respect to the right to be free from the use of excessive force. *Barnett v. Karpinos*, 119 N.C. App. 719, 724, 460 S.E.2d 208, 211-12 (1995). These decisions predate the events that gave rise to this case. Therefore, we cannot say that the trial court erred in determining that such rights existed, and were known to exist at the time of the events in question, thereby satisfying the first two prongs of the § 1983 test. The third prong, determining if a reasonable police officer in the position of Trooper Emmons would have known that his actions violated these established rights, is a material issue of disputed fact, and therefore must be left to the finder of fact. Given this, we cannot say that the trial court erred in refusing to grant

summary judgment on the grounds of qualified immunity with respect to the defendant's § 1983 claims.

North Carolina law regarding the immunity of government actors from suit for state law claims differs from the law of immunity in federal § 1983 actions. *See e.g., Roberts v. Swain,* 126 N.C. App. 712, 487 S.E.2d 760, *cert. denied,* 347 N.C. 270, 493 S.E.2d 746 (1997) (analyzing immunity to state law claims and section 1983 claims under different standards). The North Carolina rule is that a public official engaged in the performance of governmental duties involving the exercise of judgment and discretion may not be held liable unless it is alleged and proved that his act, or failure to act, was corrupt or malicious, or that he acted outside of and beyond the scope of his duties. *Andrews,* 144 N.C. App. at 76, 547 S.E.2d at 123. Plaintiff has specifically alleged malice in his complaint.

[3] Defendants argue further that the trial court erred in concluding that Trooper Emmons was not entitled to public official immunity as a matter of law because plaintiff has failed to produce evidence that Trooper Emmons' actions were corrupt, malicious, or outside the scope of his official duties.

"A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another." *Grad v. Kaasa,* 312 N.C. 310, 313, 321 S.E.2d 888, 890 (1984). As the moving party, defendants had "the burden of showing that no material issues of fact exist, such as by demonstrating through discovery that the opposing party cannot produce evidence to support an essential element of his claim or defense." *Dixie Chemical Corp. v. Edwards,* 68 N.C. App. 714, 715, 315 S.E.2d 747, 749 (1984).

In support of their motion for summary judgment, defendants offered the deposition testimony of plaintiff and his wife, and the affidavit of Trooper Emmons. Although Trooper Emmons averred in his affidavit that he did not act maliciously or with reckless indifference toward plaintiff, and that all of his actions were "based on probable cause," plaintiff testified in his deposition that the officer was angry, was "very loud and spitting," and that when he opened his car door in response to the officer's command, Trooper Emmons "maced" him, with some of the spray going inside plaintiff's car and contacting his wife. Plaintiff also testified that he told the officer that he needed his crutches, but the officer jerked him out of the car and handcuffed him, notwithstanding plaintiff's wife telling the trooper that plaintiff

**IN RE D.J.G.**

[183 N.C. App. 137 (2007)]

was disabled. The court must consider the evidence "in a light most favorable to the nonmoving party," *Dalton v. Camp*, 353 N.C. 647, 651, 548 S.E.2d 704, 707 (2001), and "[a]ll inferences of fact must be drawn against the movant and in favor of the nonmovant." *Roumillat v. Simplistic Enters., Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992). When so considered, the foregoing evidentiary materials are sufficient to create a genuine issue of fact, material to the issue of immunity, as to whether Trooper Emmons actions were done with malice. Thus, the denial of defendants' summary judgment motion on the grounds of immunity must be affirmed. *See Thompson v. Town of Dallas*, 142 N.C. App. 651, 656, 543 S.E.2d 901, 905 (2001) (finding that genuine issue of material fact as to whether officer acted with malice in arresting motorist precluded summary judgment on punitive damages claim).

As noted, defendants' remaining arguments with respect to the denial of their motion for summary judgment are not grounded on the defenses of immunity and are premature and must be dismissed. This case is remanded to the superior court for further proceedings consistent with this opinion.

Affirmed in part, dismissed in part, and remanded.

Judges WYNN and GEER concur.