IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-111
 No. COA16-112

 Filed: 20 December 2016

Franklin County, No. 14 CVS 354

FREDERICK SAMUEL LOPP, Plaintiff,

 v.

JOEL ANDERSON, Individually and in his Official Capacity; KENT WINSTEAD,
SHERIFF OF FRANKLIN COUNTY, in his Official Capacity; FRANKLIN COUNTY;
GARRETT STANLEY, Individually and in his Official Capacity; ANDY
CASTANEDA, Individually and in his Official Capacity; SHERRI BRINKLEY,
Individually and in her Official Capacity; LOUISBURG POLICE DEPARTMENT;
and THE TOWN OF LOUISBURG, Defendants.

 ____________________________________

 No. COA16-112

 Filed: 20 December 2016

Franklin County, No. 14 CVS 353

RODDIE McKINLEY LOPP, Plaintiff,

 v.

JOEL ANDERSON, Individually and in his Official Capacity; KENT WINSTEAD,
SHERIFF OF FRANKLIN COUNTY, in his Official Capacity; FRANKLIN COUNTY;
GARRETT STANLEY, Individually and in his Official Capacity; ANDY
CASTANEDA, Individually and in his Official Capacity; SHERRI BRINKLEY,
Individually and in her Official Capacity; LOUISBURG POLICE DEPARTMENT;
and THE TOWN OF LOUISBURG, Defendants.

 Appeal by Plaintiffs from orders entered 3 November 2015 by Judge Robert H.

Hobgood in Superior Court, Franklin County. Heard in the Court of Appeals 22

August 2016.
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

 Stainback, Satterwhite & Zollicoffer, PLLC, by Paul J. Stainback, for
 Plaintiffs-Appellants.

 Womble Carlyle Sandridge & Rice, LLP, by Christopher J. Geis, for
 Defendants-Appellees Joel Anderson, Sheriff Kent Winstead, and Franklin
 County.

 Pinto Coates Kyre & Bowers, PLLC, by Richard L. Pinto and Andrew G. Pinto,
 for Defendants-Appellees Garrett Stanley, Andy Castaneda, Sherri Brinkley,
 Louisburg Police Department, and Town of Louisburg.

 McGEE, Chief Judge.

 I. Facts

 The events relevant to this appeal occurred on 28 June 2009. On that date,

Roddie McKinley Lopp (“Roddie”) lived with his parents, Mary Lopp and Frederick

Samuel Lopp (“Frederick”) (Frederick together with Roddie, “Plaintiffs”) in

Louisburg. Roddie had two young children (“the children”), whose mother was Jodie

Braddy (“Jodie”). Roddie and Jodie never married, and Jodie subsequently married

Doug Braddy (“Doug”). On 28 June 2009, Roddie and Jodie shared custody of the

children under the terms of a custody order. Pursuant to this custody order, Roddie

was to deliver the children to Jodie by 6:00 p.m. on 28 June 2009. Deviation from

established transfer times could only be made by the “mutual consent” of Roddie and

Jodie. Roddie contends his attorney spoke with Jodie’s attorney prior to 28 June

2009, and an agreement was reached whereby Roddie would keep the children past

28 June 2009 to make up for times when Jodie had kept the children during Roddie’s

 -2-
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

custodial periods. The record includes nothing beyond Roddie’s testimony and

affidavit supporting the existence of this agreement.

 According to Jodie, after Roddie failed to appear by 6:00 p.m. on 28 June 2009,

Jodie decided to drive to the Louisburg Police Department for assistance in retrieving

the children. Jodie brought the custody order with her, which she showed to police

officers. Jodi asked for assistance from the officers because she was worried that

Roddie “could possibly get violent because [she and Roddie] had had such a physical

history.” Jodie also informed the officers that Roddie kept firearms in his house.

After speaking with the on-duty magistrate, an officer informed Jodie that the

Louisburg police would assist her.

 Officers Garrett Stanly1 (“Officer Stanly”), Andy Castaneda (“Officer

Castaneda”), and Sherri Brinkley (“Officer Brinkley”) were in the parking lot of the

police station preparing to leave for Plaintiffs’ house when Deputy Joel Anderson

(“Deputy Anderson”) of the Franklin County Sheriff’s Department (Deputy Anderson,

along with the above three officers “Defendant Officers”), passed by and agreed to join

them. Defendant Officers headed to Plaintiffs’ house, and Jodie and Doug followed

in their own automobile.

 1 Although his name is written as “Garrett Stanley” on the complaint, orders granting
summary judgment, and on notices of appeal, in his affidavit Officer Stanly struck out the spelling of
“Stanley,” and hand-wrote “Stanly,” underneath his signature. We will use the spelling “Stanly”
throughout the body of this opinion.

 -3-
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

 The following is Roddie’s account of the events that occurred at his home on 28

June 2009. Defendant Officers approached Roddie in his yard and “proceeded to

confront him and insisted upon the return of the children to Jodi[e.]” Roddie told

Defendant Officers that he wanted to call his attorney so his attorney could explain

that an agreement had been reached allowing Roddie to keep the children for some

extra period of time. According to Roddie’s deposition testimony, he told Defendant

Officers: “‘Well, I’m going to go in and call . . . my attorney and then get a copy of the

consent order and show you.’” Roddie testified: “There was [sic] no words after that.

All four of them took me down, beat me, kicked me, assaulted me.” Roddie testified

that he had done nothing to provoke Defendant Officers, and that all four Defendant

Officers “assaulted” him. Roddie testified that all four Defendant Officers punched

and kicked him as he was lying on the ground and already handcuffed. Roddie further

testified that he believed Deputy Anderson attempted to shock him with a stun gun

as Roddie was “getting into the [police] car[,]” even though he was not resisting.

According to Roddie, Deputy Anderson placed his stun gun on him, and he felt a small

“jolt,” but “not like what I’m used to seeing on TV[.]” Roddie believed the stun gun

didn’t “work[] completely right.”

 Concerning the treatment of Frederick, Roddie testified that, after he had been

helped off the ground, he “looked back and [Frederick] was down” on the ground.

Roddie testified that Officer Stanly and Deputy Anderson “were roughing [Frederick]

 -4-
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

up and cuffing him.” Roddie further testified that by “roughing up” he meant Officer

Stanly and Deputy Anderson were punching Frederick in the face and upper body.

In an affidavit, Roddie stated:

 [A]s I was led away and taken to the police vehicle I saw
 my father, Frederick Lopp, who was then 83 years of age,
 thrown to the ground and assaulted in much the same
 manner as me, and he [had] to be taken to the hospital later
 that same night.

In his verified complaint, Frederick alleged that when he “saw his son . . . being

wrongfully harmed and assaulted by” Defendant Officers, he asked Defendant

Officers if they had a warrant and told Defendant Officers they had no right to be

there. Frederick then walked toward Roddie and Defendant Officers, “but [Frederick]

was thereafter thrown to the ground by [Defendant Officers]” and “beaten,

handcuffed and generally assaulted[.]” Defendants have included in the record

testimony and affidavits contradicting Plaintiffs’ recitation of the events.

 Plaintiffs filed complaints on 22 April 2014 alleging assault and battery, false

imprisonment, and malicious prosecution against Defendant Officers, in both their

official and individual capacities; and against Defendants Franklin County, the Town

of Louisburg, the Louisburg Police Department, and Jerry Jones, as Sheriff of

Franklin County, in both his official and individual capacity. By consent order

entered 1 June 2015, Jerry Jones was dismissed as a Defendant in this matter, and

Kent Winstead was substituted as a Defendant for Jerry Jones, solely in his official

 -5-
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

capacity as Sheriff of Franklin County. Defendants moved for summary judgment by

motions filed 14 September 2015 and 16 September 2015.

 Defendants argued that Defendant Officers, acting in their individual

capacities, were entitled to public official immunity; and that the municipal

Defendants, along with the individual Defendants acting in their official capacities,

were protected from suit by governmental immunity. The trial court granted

summary judgment in favor of all Defendants by orders entered 3 November 2015.

Plaintiffs appeal.

 II. Analysis

 In Plaintiffs’ sole arguments on appeal they contend that the trial court erred

in allowing Defendants’ motions for summary judgment “based upon issues of

sovereign immunity and public officer immunity.” We agree in part and disagree in

part.

 “Our standard of review of a trial court’s order granting or denying summary

judgment is de novo. Under a de novo review, the [C]ourt considers the matter anew

and freely substitutes its own judgment for that of the lower tribunal.” Bryson v.

Coastal Plain League, LLC, 221 N.C. App. 654, 656, 729 S.E.2d 107, 109 (2012)

(citations and quotation marks omitted).

 “On appeal from summary judgment, the applicable
 standard of review is whether there is any genuine issue of
 material fact and whether the moving party is entitled to a
 judgment as a matter of law.” Summary judgment is

 -6-
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

 appropriate “if the pleadings, depositions, answers to
 interrogatories, and admissions on file, together with the
 affidavits, if any, show that there is no genuine issue as to
 any material fact and that any party is entitled to
 judgment as a matter of law.” If there is any evidence of a
 genuine issue of material fact, a motion for summary
 judgment should be denied. “[W]e review the record in a
 light most favorable to the party against whom the order
 has been entered to determine whether there exists a
 genuine issue as to any material fact.”

Smith v. Harris, 181 N.C. App. 585, 587, 640 S.E.2d 436, 438 (2007) (citations

omitted). However, this Court will only consider those arguments properly set forth

in an appellant’s brief. Bryson, 221 N.C. App. at 655, 729 S.E.2d at 108.

 A. Sovereign Immunity

 The trial court granted summary judgment in favor of the municipal

Defendants and the individual Defendants in their official capacities based upon

sovereign immunity. The trial court based its orders granting summary judgment on

the following:2

 1. Defendants Joel Anderson, Sheriff Kent Winstead,
 Garrett Stanley, Andy Castaneda, and Sherri a/k/a Shari
 Brinkley, in their official capacities, by reason of sovereign
 and/or governmental immunity, because there was no
 liability insurance providing indemnity coverage because
 the only policy of insurance for Franklin County and the
 only policy of insurance for the Town of Louisburg for the
 time in question did not provide liability coverage for the
 alleged actions of Defendants Anderson, Winstead,
 Stanley, Castaneda, and Brinkley against Plaintiff.

 2 The orders granting summary judgment in Roddie’s case and Frederick’s case are identical
in every relevant way, though there are some minor wording differences.

 -7-
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

 2. Franklin County and the Town of Louisburg are entitled
 to sovereign and/or governmental immunity because the
 only policy of insurance for Franklin County and the only
 policy of insurance for the Town of Louisburg for the time
 in question preserves sovereign and/or governmental
 immunity for Plaintiff’s claims, and, additionally, under
 North Carolina Law, a county may not be liable for the acts
 or omissions of a sheriff or his deputies.

 3. Defendants Joel Anderson, Garrett Stanley, Andy
 Castaneda, and Sherri a/k/a Shari Brinkley, in their
 individual capacities, are entitled to public officer
 immunity in that said defendants did not act with malice,
 were not corrupt, and were not acting outside of or beyond
 the scope of their duties. Furthermore, Defendants
 Stanley, Castaneda, and Brinkley conducted the arrest of
 Plaintiff based on probable cause for acts committed in
 their presence which would induce a reasonable police
 officer to arrest Plaintiff. Additionally, because there was
 probable cause for the arrest of Plaintiff, none of the
 Plaintiff’s North Carolina State Constitutional Rights have
 been violated as Defendants Anderson, Stanley,
 Castaneda, and Brinkley used the minimum amount of
 force necessary to safely arrest Plaintiff.

 4. Defendant Louisburg Police Department is not a public
 entity that can be sued.

 Concerning the issue of sovereign immunity, Plaintiffs make identical

arguments. Their entire arguments are as follows:

 The Defendants have all asserted governmental immunity,
 and contend that they are entitled to immunity unless it is
 waived through the purchase of insurance. It is clear that
 both Franklin County and the City of Louisburg had
 acquired insurance, but the Defendants all contend that
 the acquisition of this insurance purportedly did not waive
 as a defense the defense of governmental immunity, and
 therefore the County and City are still entitled to that

 -8-
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

 defense. That is absurd, in that it is a fallacy and contrary
 to public policy. Why would you purchase insurance which
 had a provision in it that it would allow the County to not
 waive governmental immunity as a defense? If that is the
 case, the County and City are spending money for feckless
 reasons.

Plaintiffs’ arguments consist of declaratory statements unsupported by any citation

to authority. Plaintiffs do not discuss the provisions of the insurance policies and,

subsequently, Plaintiffs also fail to make any argument concerning the specific

provisions of the policies that they contend served to waive sovereign immunity.

Plaintiffs further fail to cite to any authority in support of any contention that the

relevant insurance policies served to waive sovereign immunity. Plaintiffs’

arguments violate Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure,

and these arguments are therefore abandoned. McKinnon v. CV Indus., Inc., 228

N.C. App. 190, 196, 745 S.E.2d 343, 348 (2013) (citation omitted) (“Although plaintiff

makes a passing reference to these statutes in his brief, he makes no specific

argument that the trial court erred in denying his motion for attorney’s fees under

them. We therefore deem these issues abandoned. N.C.R. App. P. 28(b)(6) (‘Issues

not presented in a party’s brief, or in support of which no reason or argument is

stated, will be taken as abandoned.’)”); N.C. Farm Bureau Mut. Ins. Co. v. Smith,

227 N.C. App. 288, 292, 743 S.E.2d 647, 649 (2013) (“[Appellant] fail[s] to cite any

controlling authority in support of this contention or otherwise explain why it has

merit, and we accordingly deem the issue abandoned. See N.C.R. App. P. 28(b)(6)

 -9-
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

(2013) (providing that an appellant’s argument ‘shall contain citations of the

authorities upon which the appellant relies’).”).

 Because Plaintiffs fail to properly argue that relevant insurance policies served

to waive sovereign immunity with respect to Defendants Franklin County, Town of

Louisburg, Louisburg Police Department, or Defendants Joel Anderson, Garrett

Stanly, Andy Castaneda, Sherri Brinkley, and Kent Winstead, acting in their official

capacities, any such arguments are abandoned. McKinnon, 228 N.C. App. at 196, 745

S.E.2d at 348. We affirm the grant of summary judgment in favor of the municipal

Defendants, and the individual Defendants in their official capacities. Because

Plaintiffs agreed, by consent order, to pursue Defendant Kent Winstead in his official

capacity only, no claims remain against Defendant Kent Winstead.

 B. Additional Abandoned Arguments

 Further, Plaintiffs do not argue on appeal that Franklin County can be held

liable for the acts of its elected Sheriff or his deputies, so any such arguments are also

abandoned. Id. In addition, Plaintiffs make no arguments in their briefs concerning

Defendant Louisburg Police Department. Plaintiffs have therefore abandoned any

arguments that the trial court erred in granting summary judgment in favor of

Defendant Louisburg Police Department. Id.

 C. Public Official Immunity

 - 10 -
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

 Plaintiffs also contend the trial court erred in granting summary judgment in

favor of Defendant Officers Garrett Stanly, Andy Castaneda, Sherri Brinkley, and

Joel Anderson, in their individual capacities.

 Defendants contend that, because the individual Defendants were public

officials conducting their public duties, their actions were protected by public official

immunity. Police officers engaged in performing their duties are public officials for

the purposes of public official immunity: “a police officer is a public official who enjoys

absolute immunity from personal liability for discretionary acts done without

corruption or malice.” Campbell v. Anderson, 156 N.C. App. 371, 376, 576 S.E.2d 726,

730 (2003) (citations omitted).

 The North Carolina rule is that a public official engaged in
 the performance of governmental duties involving the
 exercise of judgment and discretion may not be held liable
 unless it is alleged and proved that his act, or failure to act,
 was corrupt or malicious, or that he acted outside of and
 beyond the scope of his duties.

Showalter v. N.C. Dep’t of Crime Control & Pub. Safety, 183 N.C. App. 132, 136, 643

S.E.2d 649, 652 (2007) (citation omitted). Plaintiffs have specifically alleged that

Defendant Officers acted with malice.

 “A defendant acts with malice when he wantonly does that
 which a man of reasonable intelligence would know to be
 contrary to his duty and which he intends to be prejudicial
 or injurious to another.” As the moving party, defendants
 had “the burden of showing that no material issues of fact
 exist, such as by demonstrating through discovery that the
 opposing party cannot produce evidence to support an

 - 11 -
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

 essential element of his claim or defense.”

Id. (citations omitted).

 1. Roddie McKinley Lopp

 As discussed in greater detail above, Roddie testified and averred that all four

Defendant Officers participated in taking him to the ground and punching and

kicking him even though he was not resisting. Roddie further testified he was treated

in that manner simply because he stated he was going to call his attorney to help

clear up a misunderstanding about the custody agreement and his right to keep the

children on 28 June 2009. There are multiple accounts from other witnesses who

contradict Roddie’s description of the events surrounding his arrest, but we must view

the evidence in the light most favorable to Plaintiffs, since they are the non-moving

parties. Smith, 181 N.C. App. at 587, 640 S.E.2d at 438. This Court previously

addressed a similar fact situation in Showalter, where this Court held that denial of

the police officer defendant, Trooper Emmons’, motion for summary judgment was

proper based upon the following evidence:

 In support of their motion for summary judgment,
 defendants offered the deposition testimony of plaintiff and
 his wife, and the affidavit of Trooper Emmons. Although
 Trooper Emmons averred in his affidavit that he did not
 act maliciously or with reckless indifference toward
 plaintiff, and that all of his actions were “based on probable
 cause,” plaintiff testified in his deposition that the officer
 was angry, was “very loud and spitting,” and that when he
 opened his car door in response to the officer’s command,
 Trooper Emmons “maced” him, with some of the spray

 - 12 -
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

 going inside plaintiff’s car and contacting his wife. Plaintiff
 also testified that he told the officer that he needed his
 crutches, but the officer jerked him out of the car and
 handcuffed him, notwithstanding plaintiff’s wife telling the
 trooper that plaintiff was disabled. The court must
 consider the evidence “in a light most favorable to the
 nonmoving party,” and “[a]ll inferences of fact must be
 drawn against the movant and in favor of the nonmovant.”
 When so considered, the foregoing evidentiary materials
 are sufficient to create a genuine issue of fact, material to
 the issue of immunity, as to whether Trooper Emmons
 actions were done with malice.

Showalter, 183 N.C. App. at 136, 643 S.E.2d at 652 (citations omitted).

 In the present case, Roddie’s deposition testimony was as follows: Defendant

Officers came to his home and informed him that they were going to take his children

from him and arrest him. Roddie tried to explain that his attorney and Jodie’s

attorney had reached an agreement whereby Roddie would keep the children for a

few days beyond 28 June 2009, to make up for extra time Jodie had kept the children

in the past. Defendant Officers were not interested in listening to Roddie, so Roddie

said he was going to go inside and call his attorney so his attorney could explain the

situation to Defendant Officers. At that moment, according to Roddie: “They took me

down and assaulted me.” Roddie testified that all four Defendant Officers “took him

down” and then punched and kicked him in front of his children. Roddie was

handcuffed and placed in the back of a police vehicle. Roddie testified that a stun gun

was deployed for no reason while Defendant Officers were attempting to place him in

the vehicle, but he did not think the stun gun functioned properly.

 - 13 -
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

 Although there is both affidavit and deposition testimony challenging Roddie’s

recitation of events, we must look at the evidence in the light most favorable to

Roddie, as the non-moving party. We hold that, similar to the facts in Showalter, the

record evidence raises an issue of material fact concerning whether Defendant

Officers acted with malice. See also Thompson v. Town of Dallas, 142 N.C. App. 651,

656–57, 543 S.E.2d 901, 905–06 (2001) (unnecessarily rough treatment of the plaintiff

by defendant officer, as forecast in the plaintiff’s complaint, sufficient to survive

summary judgment even though defendant forecast evidence to the contrary).

Therefore, relevant to Roddie’s complaint, it was error for the trial court to grant

Defendants’ motion for summary judgment in favor of Defendant Officers, acting in

their individual capacities, based upon public official immunity.3

 2. Frederick Samuel Lopp

 Defendants tried to depose Frederick on two occasions — 15 January 2015 and

8 September 2015. Unfortunately, Frederick, who turned eighty-nine years old on 26

June 2015, was unable to answer coherently the questions asked of him on either

 3We also note that much of Roddie’s argument in his brief before this court focuses on his
contention that the officers had no legal authority to assist Jodie in retrieving the children according
to the custody order, so the officers were acting “outside of and beyond the scope of [their] duties”
simply by entering his property to assist Jodie in retrieving the children. The forecast of evidence does
not show that the officers were acting outside or beyond the scope of their duties simply by assisting
Jodie according to an existing custody order; it shows only that the officers may have used
inappropriate force in dealing with Roddie and Frederick.

 - 14 -
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

occasion. Therefore, the only evidence in support of Frederick’s claims consists of his

verified complaint, and the deposition testimony and affidavit of Roddie.

 Although Frederick could not participate in his attempted depositions,

Frederick’s verified complaint alleges that he was “thrown to the ground[,]” then

“beaten, handcuffed and generally assaulted[.]” Frederick’s complaint alleges that

he suffered “severe injuries” including “lacerations to his face, head, back, knees, legs

and wrists” that required medical attention. Further, Roddie’s testimony and

affidavit include testimony that Roddie witnessed Frederick being assaulted by

Deputy Anderson and Officer Stanly and, more specifically, that these two officers

were punching Frederick in the head and upper body as he was subdued on the

ground.

 For the same reasons discussed above concerning Roddie, we hold that,

because there is a material conflict in the evidence asserted by Plaintiffs and

Defendants, summary judgment in favor of Deputy Anderson and Officer Stanly

based upon public official immunity relating to Frederick’s complaint, was error. We

further hold, however, that Frederick failed to present the trial court sufficient facts

to support a finding of malice on the part of Officers Brinkley and Castaneda.

Roddie’s deposition testimony only implicated Deputy Anderson and Officer Stanly

in the alleged mistreatment of Frederick, and Frederick was unable to give any

testimony at all. We affirm the trial court’s grant of summary judgment in favor of

 - 15 -
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

Officers Brinkley and Castaneda, in their individual capacities, based upon public

official immunity, for Frederick’s claims.

 D. Specific Individual Capacity Claims

 We must now consider whether summary judgment should have been granted

in favor of the individual Defendants for any of the specific claims Plaintiffs filed

against them. Shore v. Brown, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989) (citation

omitted) (“If the granting of summary judgment can be sustained on any grounds, it

should be affirmed on appeal. If the correct result has been reached, the judgment

will not be disturbed even though the trial court may not have assigned the correct

reason for the judgment entered.”). We reiterate that none of the following analysis

applies to Officers Castaneda or Brinkley for Frederick’s individual capacity claims

because, as held above, they were protected by public official immunity from

Frederick’s individual capacity claims.

 1. Assault and Battery

 A law enforcement officer may be held liable for assault and battery in the

course of an arrest if he or she uses excessive force in the course of that arrest.

 [A] civil action for damages for assault and battery is
 available at common law against one who, for the
 accomplishment of a legitimate purpose, such as justifiable
 arrest, uses force which is excessive under the given
 circumstances.

 Under the common law, a law enforcement officer has the
 right, in making an arrest and securing control of an

 - 16 -
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

 offender, to use only such force as may be reasonably
 necessary to overcome any resistance and properly
 discharge his duties. “[H]e may not act maliciously in the
 wanton abuse of his authority or use unnecessary and
 excessive force.” Although the officer has discretion, within
 reasonable limits, to judge the degree of force required
 under the circumstances, “when there is substantial
 evidence of unusual force, it is for the jury to decide
 whether the officer acted as a reasonable and prudent
 person or whether he acted arbitrarily and maliciously.”
 Further, an assault and battery need not necessarily be
 perpetuated with maliciousness, willfulness or
 wantonness, and actual physical injury need not be shown
 in order to recover.

Myrick v. Cooley, 91 N.C. App. 209, 215, 371 S.E.2d 492, 496 (1988) (citations

omitted). There are questions of material fact concerning whether Defendant Officers

used excessive force, such as punching or kicking Plaintiffs, or deploying a stun gun,

while facilitating the arrest of Plaintiffs. The trial court erred in granting summary

judgment in favor of all Defendant Officers in their individual capacities for Roddie’s

assault and battery claims, and further erred in granting summary judgment in favor

of Deputy Anderson and Officer Stanly in their individual capacities for Frederick’s

assault and battery claims.

 2. False Imprisonment

 Defendant Officers did not have a warrant to arrest Plaintiffs and, according

to Defendants’ evidence, they were not intending to arrest Plaintiffs when they

arrived at Plaintiffs’ residence. Defendants’ evidence suggests that Roddie

“aggressively initiated contact with the [individual Defendants.]” However, Roddie’s

 - 17 -
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

evidence, if believed, suggests that immediately after Roddie indicated that he

wanted to call his attorney in order to clear up the custody issue, Defendant Officers

“surrounded [Roddie], threw him to the ground, handcuffed him, [and] arrested

him[.]” Roddie claims he did not initiate contact with Defendant Officers. Roddie

further claims that he was beaten by Defendant Officers. Frederick, in his verified

complaint, contended that, when he saw Defendant Officers assaulting Roddie, he

“asked the said Defendants if they had a warrant and stated they had no right to be

at said premises without a warrant.” “Thereupon [Frederick] turned to walk toward

the location within his yard where all of said persons were located, but [Frederick]

was thereafter thrown to the ground by the individual Defendants[,]” and then

“assaulted.”

 False imprisonment is the illegal restraint of a person
 against his will. A restraint is illegal if not lawful or
 consented to. A false arrest is an arrest without legal
 authority and is one means of committing a false
 imprisonment. The existence of legal justification for a
 deprivation of liberty is determined in accordance with the
 law of arrest, which is set forth in Chapter 15A of the
 General Statutes.

 N.C.G.S. § 15A–401(b)(1) (Cum. Supp. 1994) provides that
 an officer may arrest a person without a warrant if the
 officer has probable cause to believe that the person has
 committed a criminal offense in the officer’s presence. A
 warrantless arrest without probable cause is unlawful.
 Thus, the dispositive issue is whether defendant had
 probable cause to believe that plaintiffs had committed
 assaults upon him.

 - 18 -
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

 The existence or nonexistence of probable cause is a mixed
 question of law and fact. If the facts are admitted or
 established, it is a question of law for the court. However,
 if the facts are in dispute, the question of probable cause is
 one of fact for the jury. In this case, the material facts
 surrounding the incident are in dispute, and therefore the
 existence or nonexistence of probable cause is for the jury
 to determine. Accordingly, defendant was not entitled to
 summary judgment on this ground.

Marlowe v. Piner, 119 N.C. App. 125, 129, 458 S.E.2d 220, 223 (1995) (citations

omitted). As in Marlowe, in the present case the facts are in dispute concerning

probable cause to arrest Plaintiffs on 28 June 2009. The trial court erred in granting

summary judgment in favor of all Defendant Officers in their individual capacities

for Roddie’s false imprisonment claims, and further erred in granting summary

judgment in favor of Deputy Anderson and Officer Stanly in their individual

capacities for Frederick’s false imprisonment claims.

 3. Malicious Prosecution

 As this Court explained in Moore v. Evans, 124 N.C. App. 35, 476 S.E.2d 415

(1996):

 In order to maintain an action for malicious prosecution,
 the plaintiff must demonstrate that the defendant “(1)
 instituted, procured or participated in the criminal
 proceeding against [the] plaintiff; (2) without probable
 cause; (3) with malice; and (4) the prior proceeding
 terminated in favor of [the] plaintiff.” “[M]alice can be
 inferred from the want of probable cause alone.” As it is
 undisputed that defendant Evans initiated the criminal
 prosecution against Mr. Moore and that the prosecution
 ended with a dismissal of the charges against him, the only

 - 19 -
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

 issue as to Mr. Moore’s claim for malicious prosecution is
 whether defendant Evans had probable cause to initiate
 the criminal prosecution against him. Hence, a common
 element of each of the state claims alleged (false
 imprisonment and malicious prosecution) is the absence of
 probable cause.

 The test for whether probable cause exists is an objective
 one—whether the facts and circumstances, known at the
 time, were such as to induce a reasonable police officer to
 arrest, imprison, and/or prosecute another. In Pitts, our
 Supreme Court stated:

 The existence or nonexistence of probable cause is a
 mixed question of law and fact. If the facts are admitted
 or established it is a question of law for the court.
 Conversely, when the facts are in dispute the question
 of probable cause is one of fact for the jury.

Id. at 42–43, 476 S.E.2d at 421–22 (citations omitted). Defendants do not dispute

that the criminal proceedings were subsequently terminated in Plaintiffs’ favor. We

hold there is sufficient evidence to survive summary judgment on the fourth element

of malicious prosecution.

 Concerning the first element, Officers Stanly, Castaneda, and Brinkley do not

dispute that they were involved in instituting the criminal proceedings. Deputy

Anderson argues that he did not “institute” the criminal proceedings because neither

he nor the Franklin County Sheriff’s Office brought charges against Plaintiffs.

However, it is not necessary that an individual be directly involved in charging a

person, or filing civil claims against that person, in order to have participated

sufficiently in “institut[ing], procur[ing] or participat[ing] in the criminal proceeding

 - 20 -
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

against [the] plaintiff[.]” Id. at 42, 476 S.E.2d at 421. “[W]here ‘it is unlikely there

would have been a criminal prosecution of [a] plaintiff’ except for the efforts of a

defendant, this Court has held a genuine issue of fact existed and the jury should

consider the facts comprising the first element of malicious prosecution.” Becker v.

Pierce, 168 N.C. App. 671, 675, 608 S.E.2d 825, 829 (2005) (citation omitted). Because

Deputy Anderson is identified by Plaintiffs as having participated in the subduing

and arrests of both Roddie and Frederick, we hold there is sufficient evidence to

survive summary judgment that Deputy Anderson instituted, procured or

participated in the criminal charges brought against Plaintiffs.

 Concerning the third element – probable cause:

 Our Supreme Court has defined probable cause with
 respect to malicious prosecution as:

 “the existence of such facts and circumstances, known
 to [the defendant] at the time, as would induce a
 reasonable man to commence a prosecution.” Whether
 probable cause exists is a mixed question of law and
 fact, but where the facts are admitted or established,
 the existence of probable cause is a question of law for
 the court.

 The test for determining probable cause is “‘whether a man
 of ordinary prudence and intelligence under the
 circumstances would have known that the charge had no
 reasonable foundation.’”

Id. at 677, 608 S.E.2d at 829–30 (citations omitted). When we take the evidence in

the light most favorable to Plaintiffs, as we must, Smith, 181 N.C. App. at 587, 640

 - 21 -
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

S.E.2d at 438, we hold there is sufficient evidence, as set out above, for a trier of fact

to determine that the charges against Plaintiffs “had no reasonable foundation.”

Becker, 168 N.C. App. at 677, 608 S.E.2d at 830.

 Concerning the second element, Defendants argue there was insufficient

evidence of malice to survive summary judgment. “‘Malice’ in a malicious prosecution

claim may be shown by offering evidence that defendant ‘was motivated by personal

spite and a desire for revenge’ or that defendant acted with ‘reckless and wanton

disregard’ for plaintiffs’ rights.” Id. at 676, 608 S.E.2d at 829 (citations and quotation

marks omitted). If Plaintiffs’ allegations are taken as true, Defendant Officers’

actions could be found to have been done with “‘reckless and wanton disregard’ for

plaintiffs’ rights.” Id.

 We hold there was sufficient evidence, when viewed in the light most favorable

to Plaintiffs, to survive Defendants’ motions for summary judgment on the individual

capacity claims of assault and battery, false imprisonment, and malicious prosecution

against all Defendant Officers in Roddie’s action, and against Officer Stanly and

Deputy Anderson in Frederick’s action. We stress that our holdings should not be

taken as the opinion of this Court concerning the relative strength of Plaintiffs’

evidence as compared to the evidence supporting Defendant Officers. We simply hold

that Plaintiffs have sufficiently forecast evidence creating issues of material fact,

which must be decided by the trier of fact. We remand for further action on Plaintiffs’

 - 22 -
 LOPP V. ANDERSON & LOPP V. ANDERSON

 Opinion of the Court

individual capacity claims against Defendant Officers, excepting Frederick’s

individual capacity claims against Officers Castaneda and Brinkley, which were

properly disposed of on summary judgment.

 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

 Judges STROUD and INMAN concur.

 - 23 -